573 P.2d 535

In the Matter of the 1972 CHEVROLET MONTE CARLO, VIN 1H57J2L537840, 1976 ARIZONA LICENSE NO. TKM–612.

Larry Lee LEFTRIDGE, Appellant,

v.

The STATE of Arizona, Appellee.

No. 2 CA–CIV 2548.

Court of Appeals of Arizona, Division 2.

Dec. 29, 1977.

Healy & Beal, P. C. by William T. Healy and Robert L. Beal, Tucson, for appellant.

Stephen D. Neely, Pima County Atty. by Rhonda L. Idle, Deputy County Atty., Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

Whether a vehicle must contain a useable amount of marijuana as a prerequisite to forfeiture is the principal question raised on this appeal. The state concedes it presented no testimony that a useable quantity of marijuana was present in the 1972 Chevrolet Monte Carlo in question when it was searched on September 9, 1976. Nor was it involved in the loading and unloading of marijuana observed to the rear of the Leftridge premises located at 4850 North Calle Harmonia.

Appellant argues that a prosecution for possession requires that a useable amount of marijuana be involved. *State v. Kelley*, 104 Ariz. 418, 454 P.2d 563 (1969); *State v. Moreno*, 92 Ariz. 116, 374 P.2d 872 (1962), and it follows that a like amount must exist to support a vehicle forfeiture. The state counters that a fair interpretation of A.R.S. § 36–1041 does not require that a useable amount of narcotic drugs be present in the vehicle at the time of seizure. The statute provides:

"§ 36–1041. Forfeiture of vehicle

The interest of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug is unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant, shall be forfeited to the state."

We agree with the state.

■ The mere unlawful presence of a narcotic drug in the car is enough to support the forfeiture. *In re One 1962 Volkswagen Sedan, Motor No. 4230506, Arizona License No. JGR 254*, 105 Ariz. 315, 464 P.2d 338 (1970). The purpose of the statute is to deter trafficking in narcotics by penalizing the owner of the automobile transporting the narcotics through forfeiture of ownership. *In re A 1972 Dodge Van, California License # 247–FNB VIN # B11AE2U-587244*, 24 Ariz.App. 337, 538 P.2d 766 (1975).

■ The plain language of the statute leaves no room for an additional requirement that a particular amount of narcotic drug be present in a vehicle prior to seizure. Indeed, if competent evidence discloses that a vehicle has been used in a manner proscribed by the statute, a forfeiture would be justified. No requirement is set forth that it be used in the prohibited manner at the time of seizure. In the instant case, the debris of the narcotic drug in question would seem to indicate circumstantially that the vehicle has been used in a manner proscribed by statute, i. e., for the transporting, depositing or concealment of narcotics. Although a transcript of the proceedings below has not been furnished on this appeal, the parties seem to agree that the narcotic material consisted of marijuana seeds, marijuana debris and residue scattered through the trunk of the vehicle. The location of the vehicle at the premises where direct evidence disclosed transportation of substantial amounts of marijuana in another vehicle and involving the resident at the premises who is the owner of the vehicle in question here, substantially ties this vehicle in with the overall illegal activity. Other cases have dealt with the problem of vehicles which had been previously used in a proscribed manner, but which did not have illegal drugs in them at the time of forfeiture. Cf., *U. S. v. One 1967 Buick Riviera, 2-Door Motor and Serial No. 4948774916784, California License No. UJU–023, its tools and appurtenances*, 439 F.2d 92 (9th Cir. 1971); *General Finance Corporation of Florida South v. United States*, 333 F.2d 681 (5th Cir. 1964); and *State v. A 1971 Datsun, New Jersey Registration UGO–841, V.I.N. PL 510896770, etc.*, 139 N.J.Super. 186, 353 A.2d 129 (1976). In *People v. One 1940 Buick 8 Sedan, License No. 1F500, Engine No. 74019475, etc.*, 70 Cal.App.2d 542, 161 P.2d 264 (1945), the court dealt with a case where a narcotics agent observed the driver drop a small piece of paper near his vehicle. The agent inspected the paper and found that it contained a small quantity of marijuana. To the defendant's claim that an infinitesimal quantity was insufficient to show either possession or trafficking, the court responded:

"The difficulty with these contentions is that they disregard the language of the statute. Although the prevention of the traffic in drugs is the basic aim of the statute, in order to effectually accomplish this purpose the legislature has seen fit to provide that 'A vehicle used to unlawfully transport any narcotic, or in which any narcotic is unlawfully kept, deposited or concealed, or in which any narcotic is unlawfully possessed by an occupant thereof, shall be forfeited to the State.'
. . . Traffic in drugs is not made an indispensable element of any portion of this statute. Nor is any definite quantity of narcotics specified. As was said in *People v. One Ford Coupe, etc.*, 10 Cal. App.2d 321, 323, 51 P.2d 882, 883, in answering a similar contention: 'If a forfeiture for the transportation of such a small quantity of narcotics seemed a drastic penalty, it nevertheless was a matter within the domain of the Legislature, and was not a matter to guide the judgment of the court.'" 161 P.2d at 266–67. (Citation omitted)

As the United States Supreme Court has observed, the deterrent impact of a forfeiture statute is aimed at potential future violations:

"Forfeiture of conveyances that have been used—and may be used again—in violation of the narcotics laws fosters the purposes served by the underlying criminal statutes, both by preventing further illicit use of the conveyance and by imposing an economic penalty, thereby rendering illegal behavior unprofitable." *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 686–87, 94 S.Ct. 2080, 2093–94, 40 L.Ed.2d 452, 470 (1974).

Appellant next contends that in order to forfeit a vehicle the owner must be guilty of an unlawful act. Our Supreme Court has held that an automobile may not be forfeited for use in narcotics violations unless the owner had some connection with the unlawful act or intended to permit its use by a third party in the commission of the unlawful act, or had knowledge that it was to be so used. *In re One 1965 Ford Mustang, Motor No. 5R07A242628, License No. HGH–968*, 105 Ariz. 293, 463 P.2d 827 (1970). On the basis of the facts previously discussed, we find that appellant's involvement in narcotics trafficking and his ownership of the vehicle in question could only naively be attributed to coincidence.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concurring.