232

589 P.2d 475

In the Matter of the 1974 CHEV-
ROLET CAMARO AUTOMOBILE, VE-
HICLE IDENTIFICATION NUMBER
1S87T4N163184.

Eddie BANFI, Appellant,

v.

The STATE of Arizona, Appellee.

No. 2 CA–CIV 2789.

Court of Appeals of Arizona,
Division 2.

Dec. 13, 1978.

Levenbaum, Kaufman & Goldman by
Warren G. Levenbaum and Steven A. Co-
hen, Phoenix, for appellant.

Frank E. Tippett, Gila County Atty. by
William L. Tifft, Chief Deputy County
Atty., and Edward L. Dawson, Deputy
County Atty., Globe, for appellee.

OPINION

HATHAWAY, Judge.

Appellant appeals from a judgment or-
dering forfeiture of his automobile. We
affirm.

Appellant was arrested for possession of
marijuana and dangerous drugs and his
automobile was seized. After appellant
pled to a misdemeanor for possession of
marijuana, the other charges were dis-
missed.

The state filed seizure notices under both
A.R.S. Secs. 32–1993 and 36–1041. These
notices were sent by registered mail to ap-
pellant at an address appearing on record in
the Indiana Department of Motor Vehicles.
The return receipt was signed by an uniden-
tified party. No affidavit of alternative

service was made. Appellant received actual notice of the forfeiture proceedings and filed a timely answer.

The notices sent to appellant stated that the court clerk must notify claimants to the subject automobile "directing them to appear and show cause within twenty (20) days" why the automobile should not be forfeited. No show cause order was filed.

Forfeiture under Sec. 36 1041 is independent of forfeiture under Sec. 32 1993. Because forfeiture under Sec. 36 1041 was valid, we do not reach the validity of forfeiture under Sec. 32 1993.

 Appellant contends the trial court lacked jurisdiction because the notice by its terms required that an order to show cause be issued to appellant. The notice does not require a separate show cause order. It informs appellant that he must answer the allegation in the seizure notice within 20 days as provided by A.R.S. Sec. 36 1044.

Appellant next contends the service of process used was defective. It is conceded that A.R.S. Sec. 36 1043 (amendment effective May 26, 1977, inapplicable to this proceeding) authorizes service by registered mail to the address of record in the Division of Motor Vehicles. But appellant argues that Sec. 36 1043 must be read in context with Rule 4(e)(2)(a), Rules of Civil Procedure, 16 A.R.S., which requires an affidavit of alternative service. If Rule 4(e)(2)(a) is inapplicable, appellant contends Sec. 36 1043 violates due process under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

 Rule 4(e)(2)(a) is inapplicable. Sec. 36 1043 specifies the necessary and sufficient conditions for service of notice of forfeiture proceedings. Specific statutory provisions for service of process supersede the general requirements of Rule 4. *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 114 Ariz. 257, 560 P.2d 441 (App. 1977). Nor does Sec. 36 1043 violate due process. The statutory notice is reasonably calculated, under the circumstances of a forfeiture, to inform the interested parties of the forfeiture proceeding and afford them a meaningful opportunity to contest it.

 Appellant finally contends forfeiture constitutes a deprivation of property without due process because it is an unreasonable and disproportionate punishment for the misdemeanor violation of possession of marijuana. Under the current interpretation of A.R.S. Sec. 36 1041, possession by a vehicle occupant of any amount of marijuana is grounds for forfeiture. *In re One 1962 Volkswagen Sedan, Motor No. 4230506*, 105 Ariz. 315, 464 P.2d 338 (1970); *Matter of 1972 Chevrolet Monte Carlo, Vin. 1H57J2L537840*, 117 Ariz. 461, 573 P.2d 535 (App. 1977). Although there is a trend of authority rejecting forfeiture for possession of a small amount of marijuana for personal use, unless our supreme Court reconsiders its position, we are constrained to reject appellant's argument.

Judgment affirmed.

RICHMOND, C. J., and HOWARD, J., concur.