854 P.2d 1223

## In the Matter of TEN THOUSAND NINETY–EIGHT DOLLARS ($10,098.00) IN UNITED STATES CURRENCY.

### CITY OF TEMPE, Appellee,

v.

### Alexander DIMITRIOU, Claimant–Appellant.

### No. 1 CA–CV 91–0307.

Court of Appeals of Arizona, Division 1, Department E.

June 22, 1993.

---

George M. Sterling, Jr., Phoenix, for claimant-appellant.

Geraldine R. Mattern, Tempe City Prosecutor, Tempe, for appellee City of Tempe.

Grant Woods, Atty. Gen. by Cameron H. Holmes, Asst. Atty. Gen., Phoenix, for amicus curiae.

## OPINION

VOSS, Judge.

This case involves a civil *in rem* action filed by the City of Tempe (the "City") for the forfeiture of cash in the amount of $10,098.00 pursuant to the provisions of Ariz.Rev.Stat.Ann. ("A.R.S.") §§ 13–3413(A) and 13–4301 to 13–4315. Appellant Alexander Dimitriou ("Dimitriou") has appealed from the trial court's order of forfeiture, arguing that: (1) the money could not be validly forfeited pursuant to A.R.S. § 13–3413(A) where Dimitriou was only charged with a preparatory crime, (2) the

trial court erred in denying Dimitriou's motion to dismiss the complaint because the forfeiture hearing was set more than sixty days after the filing of the complaint, and (3) there was no probable cause to justify the forfeiture of $98.00 found in Dimitriou's pants pocket. For the reasons set forth below, we affirm the order of forfeiture.

## FACTS

The money that is the object of this forfeiture was seized pursuant to a "reverse buy" operation. In a reverse buy operation, an undercover police officer agrees or pretends to sell drugs to a suspect. In August of 1990, Dimitriou was introduced by a police informant to Detective Prendergast, an undercover officer with the Tempe Police Department. At that time, Dimitriou indicated to Prendergast that he was interested in purchasing a large amount of marijuana. After speaking on the telephone several times, Prendergast and Dimitriou agreed to meet at a bar in Tempe on September 14, 1990, where Prendergast would sell Dimitriou ten pounds of marijuana for $10,000.00.

On the agreed date, Prendergast and Dimitriou met in the bar and then proceeded to the parking lot where Prendergast showed Dimitriou a duffle bag of marijuana in his truck. After Dimitriou examined the marijuana and indicated to Prendergast that it would be satisfactory, both men then went to Dimitriou's car, got in, and Dimitriou handed Prendergast a blue bank bag containing the $10,000.00. Prendergast held the bank bag as Dimitriou drove his car next to Prendergast's truck. After Dimitriou got out of his car and was reaching into the open door of the truck to grab the bag of marijuana, he was arrested by other police officers. Following the arrest, officers searched Dimitriou's person, finding an additional $98.00 in his pants pocket which was seized and added to the money in the bank bag. The City instituted *in rem* forfeiture proceedings with respect to the $10,098.00 and the entire amount was declared forfeited pursuant to an order of forfeiture dated April 10, 1991.

## DISCUSSION

### A. *Lack of a Completed Drug Offense*

Dimitriou first argues that the City lacked the statutory authority to forfeit the $10,098.00 because he was only charged with a preparatory offense rather than a substantive drug offense. The City relied on A.R.S. § 13–3413(A) in instituting this forfeiture action. That statute provides that property, including money, used or intended for use in violation of "this chapter" is subject to seizure and forfeiture. "This chapter" refers to Chapter 34 of Title 13, which describes substantive drug offenses such as possession. Dimitriou, however, was never charged with any of the crimes contained in Title 13, Chapter 34, but only with *attempt* to possess marijuana for sale, which is a preparatory offense contained in Chapter 10 of Title 13. Dimitriou therefore claims that, because he did not, and could not have committed any of the substantive drug offenses contained in Chapter 34, the seized $10,098.00 was not subject to forfeiture under A.R.S. § 13–3413(A).

Dimitriou's argument presents an issue of statutory interpretation. Certain principles apply in construing statutes. First, this court is required to give effect to a statute's unambiguous meaning. *Wasserman v. Low*, 143 Ariz. 4, 12, 691 P.2d 716, 724 (App.1984). Moreover, we must construe penal statutes "according to the fair meaning of their terms to promote justice and effect the objects of the law...." A.R.S. § 13–104. In light of these principles, we hold that the clear and unambiguous language of A.R.S. § 13–3413(A) did authorize the City to seize and forfeit the $10,098.00 even though Dimitriou was never charged with a Chapter 34 offense.

Dimitriou concedes that A.R.S. § 13–3413(A) permits the forfeiture of those "items used or intended for use in violation of [Chapter 34, Title 13]." Pursuant to Dimitriou's interpretation of A.R.S. § 13–3413(A), the statute was only intended to authorize forfeiture in connection with one

of the completed drug offenses described in Chapter 34. However, because the statute allows forfeiture of items not only used but also *intended for use* in violation of the drug offense statutes, it expressly does not require completion of a Chapter 34 crime or even the "possibility" of such a completed offense. Therefore, it is irrelevant that Dimitriou may not have been able to actually purchase the marijuana from Prendergast through the reverse buy operation.

Federal courts have similarly interpreted federal forfeiture statutes containing the "used or intended for use" language. For instance, in *United States v. $84,000 U.S. Currency*, 717 F.2d 1090, 1094, n. 5 (7th Cir.1983), *cert. denied*, 469 U.S. 836, 105 S.Ct. 131, 83 L.Ed.2d 71 (1984), authorities seized $84,000.00 from the two claimants pursuant to 21 U.S.C. 881(a)(6), which permits forfeiture of money furnished or intended to be furnished in exchange for drugs. The money was seized from the claimants at O'Hare Airport in Chicago, where the claimants had just arrived on a flight from Florida. *Id.* at 1092. Although the claimants admitted that they had planned to use the money to purchase drugs in Florida, they claimed that they had been unable to consummate a deal and that, at the time the money was seized, any intent to use the money to purchase drugs had passed. *Id.* at 1101.

The federal court of appeals held that the government had met its burden of showing probable cause that the currency was intended to be furnished in exchange for drugs and that the claimants had not shown by a preponderance of evidence that the money was not intended for such use. *Id.* The court held that it was clear that 21 U.S.C. § 881(a)(6) permitted forfeiture of the currency to the government, because the government's interest arose at the time the money was intended to be used in violation of the statute, not at the time of the seizure or at the time of the judgment of forfeiture. *Id.* at 1102. *See also United States v. $131,602.00 in U.S. Currency*, 563 F.Supp. 921 (S.D.N.Y.1982) (government permitted to forfeit $100,000.00, where claimant had agreed to purchase drugs for $100,000.00 from DEA agent but

he only had part of money with him at time of arrest and said remainder was at his bank).

The cases Dimitriou relies on as support for his argument that a preparatory offense cannot be the basis for forfeiture under A.R.S. § 13-3413(A) are inapplicable to the instant case. In *State v. Tellez*, 165 Ariz. 381, 799 P.2d 1 (App.1989) and *State v. Wise*, 164 Ariz. 574, 795 P.2d 217 (App. 1990), this court held that sentencing guidelines and mandatory fines applicable to Chapter 34 crimes are not applicable to preparatory offenses. Dimitriou claims that because those cases acknowledge that preparatory offenses are separate and distinct from substantive offenses, his mere preparatory offense could not be grounds for forfeiture under A.R.S. § 13-3413(A). However, although the distinction between preparatory crimes and substantive crimes may be determinative with respect to mandatory punishments, it is not determinative with respect to the availability of forfeiture under A.R.S. § 13-3413(A). As discussed above, the "intended for use" language contained in the forfeiture statute clearly permits forfeiture of items that were intended to be used, but were not actually used in violation of Chapter 34, Title 13.

■ We therefore hold that conduct amounting to an attempt to violate Chapter 34 is sufficient to allow forfeiture of items intended for use in violation of that chapter pursuant to A.R.S. § 13-3413(A). This result is consistent with the intended purpose of the forfeiture statutes. Civil *in rem* forfeiture actions are remedial in nature and not punitive. *See In re One 1983 Toyota Silver Four–Door Sedan, VIN NO. JT2MX63E4D0004378*, 168 Ariz. 399, 403, 814 P.2d 356, 360 (App.1991). One of the purposes of such actions is to deprive the defendant of the means to commit further offenses. *See Matter of Parcel of Real Property Known as 1632 N. Santa Rita Tucson, Ariz.*, 166 Ariz. 197, 201, 801 P.2d 432, 436 (App.1990). Therefore, when an object such as money is intended to be used for an improper purpose, it is not irrational for the government to forfeit that money

so that it may not actually be used for such purposes in the future.

Because A.R.S. § 13–3413(A) permits the forfeiture of money intended for use in violation of Chapter 34, the City in this case had the burden of proving that there was probable cause to believe that the seized $10,098.00 was intended to be used in violation of that chapter. A.R.S. §§ 13–4310(E)(2) and 13–4311(K). It is clear that the City met its burden of proving that Dimitriou intended to use the $10,000.00 in the bank bag that he handed to Prendergast to commit a Chapter 34 violation. For instance, Prendergast testified at the forfeiture hearing that Dimitriou told him he wanted to buy marijuana in order to sell it in the Detroit area. The fact that Dimitriou handed the $10,000.00 over to Prendergast also clearly indicates that Dimitriou intended to use it to purchase the marijuana. The possession, possession for sale, and transportation for sale of marijuana are all prohibited by A.R.S. § 13–3405, which is within Chapter 34. Prendergast's testimony and Dimitriou's actions were sufficient proof that Dimitriou intended to use the $10,000.00 in furtherance of at least one or more of the purposes listed in that statute.

Once the City had met its burden of proof, the burden then shifted to Dimitriou to show by a preponderance of the evidence that his interest in the property was not subject to forfeiture. A.R.S. § 13–4311(K). In this case, Dimitriou never denied that he intended to use the $10,000.00 to purchase marijuana for later sale. Therefore, Dimitriou failed to show that he did not intend to use the money for purposes prohibited in Chapter 34, even though the intended use did not reach fruition. Because the City met its burden of proof with respect to the $10,000.00 while Dimitriou failed to meet his, the trial court properly ruled that forfeiture pursuant to A.R.S. § 13–3413(A) was available with respect to that sum.

B. *Failure to Conduct Hearing Within Sixty Days of Complaint*

Dimitriou next argues that the trial court erred in denying his motion to dismiss the forfeiture complaint because the forfeiture hearing was not held within the statutorily "mandated" time. Dimitriou also claims that the trial court erred in failing to make any specific findings which would justify the denial of his motion to dismiss.

Dimitriou sought dismissal of the forfeiture complaint pursuant to Rule 41(b), Arizona Rules of Civil Procedure, and A.R.S. § 13–4311(I). Rule 41(b) allows dismissal of an action for failure of a plaintiff to prosecute or to comply with the civil rules or a court order. Dimitriou argues that the City failed to adequately prosecute this forfeiture action because the forfeiture hearing was not set within the time period prescribed in A.R.S. § 13–4311(I). That statute provides that: "The hearing on the claim, *to the extent practicable and consistent with the interest of justice,* shall be held within sixty (60) days after service of the complaint ..." (emphasis added). In this case, the forfeiture hearing was held on April 9, 1991, while the forfeiture complaint was filed on November 27, 1990.

A.R.S. § 13–4311(I) does not require dismissal of forfeiture proceedings if the forfeiture hearing is not held within sixty days of the filing of the complaint and also does not require the trial court to make specific findings regarding the reasons for the delay if the hearing is not held within such sixty day period. Rather, the statute merely requires that the hearing be held within that time period "to the extent practicable and consistent with the interest of justice." It is clear from our review of the record that the City did prosecute this action in a timely manner within the statutory requirements, that there were valid reasons for the delay in setting the hearing, and that the trial court therefore did not err in denying Dimitriou's motion to dismiss.

The $10,098.00 was seized from Dimitriou for forfeiture on September 14, 1990. Dimitriou was served with a notice of pending forfeiture making uncontested forfeiture available on or about October 9, 1990. The service of this notice was within thirty days after the seizure and was timely. A.R.S. § 13–4309. Dimitriou had the right

within fifteen days after notice of the money's seizure for forfeiture to request a probable cause hearing. A.R.S. § 13–4310(B). If the court in such hearing finds that there is no probable cause for the forfeiture, the seized property must be released pending the outcome of the forfeiture proceeding. *Id.* Although this was the quickest remedy available to obtain the release of the money, Dimitriou failed to exercise it.

Instead, Dimitriou filed a notice of claim and petition for order to show cause hearing seeking mandamus relief on October 24, 1990, over a month after the original seizure. In his petition and at the subsequent hearing, Dimitriou argued that the forfeiture statute was inapplicable in this case, making generally the same claims set forth in the first section of this opinion. The trial court denied Dimitriou's request for writ of mandamus.

The City then filed its *in rem* forfeiture complaint on November 27, 1990. Because A.R.S. § 13–4308(B) requires the filing of the forfeiture complaint by the later of sixty days after notice of pending forfeiture or, if uncontested forfeiture has been made available, within sixty days after a declaration of forfeiture, the filing of the complaint was timely. In its complaint, the City requested that the court set a hearing within sixty days of the filing of the complaint pursuant to A.R.S. § 13–4311. At the same time the City served the complaint, it also served Dimitriou with non-uniform interrogatories. Dimitriou answered the complaint on January 30, 1991. On March 5, 1991, Dimitriou filed a motion to dismiss the complaint on the grounds that the hearing had not been set within sixty days of the filing of the complaint. At that time, Dimitriou had not yet served answers to the interrogatories. Dimitriou's motion to dismiss was denied and a one-hour bench trial was held on April 9, 1991.

■ Upon our review of the record, we conclude that Dimitriou's conduct in this action provides ample justification for the delay of the forfeiture hearing. First, Dimitriou did not answer the City's complaint until two months after it was served. In addition, Dimitriou failed to timely file responses to the City's non-uniform interrogatories served with the complaint on November 27, 1990. Rather than answering within thirty days as required at that time by Rule 33(a), Arizona Rules of Civil Procedure (subsequently amended), Dimitriou belatedly sought protective relief on January 11, 1991. This relief was denied by the trial court on January 28, 1991. Nonetheless, Dimitriou's answers were not received by the City until March 6, 1991, over thirty days after the trial court's ruling denying protective relief, and one day after Dimitriou filed his motion to dismiss. At that time, the City also noticed Dimitriou for deposition on April 2, 1991.

We agree with the City that to require a hearing prior to discovery compliance by Dimitriou would not have been practicable or consistent with the interest of justice as required by A.R.S. § 13–4311(I). In addition, although Dimitriou argues in his brief that the City failed to make any effort to alert the trial judge or her calendaring clerk to the statutory time limit, there is nothing in the record to indicate that Dimitriou ever specifically requested a hearing himself. Because the record clearly shows that the City did not fail to timely prosecute its claim, we hold that the trial court did not err in denying Dimitriou's motion to dismiss.

## C. *Forfeiture of the $98.00*

Dimitriou lastly argues that the trial court erred in ordering the forfeiture of the $98.00 that was found in his pocket at the time of the arrest because there was no probable cause for the forfeiture of such sum. Dimitriou claims that, because the proposed sale of marijuana was for $10,-000.00, which was the exact amount found in the seized bank bag, the $98.00 was obviously not intended to be used to purchase the drugs and was therefore not related to the offense.

■ Pursuant to A.R.S. § 13–4311(K), the City had the initial burden of showing the existence of probable cause for the forfeiture of the $98.00. However, A.R.S.

§ 13–4305(B) provides that in determining probable cause for forfeiture, the fact that money or any other item is found in proximity to contraband or instrumentalities of an offense gives rise to an inference that the item was used or intended for use to facilitate commission of the offense. The "offense" in this case was attempt to possess marijuana for sale. Because the evidence supported the conclusion that Dimitriou was intending to purchase the marijuana, possess it, and transport it for sale in Detroit, his vehicle may be considered an "instrumentality" of the offense and the $98.00 was in proximity to his vehicle. Therefore, although the $98.00 found in Dimitriou's pocket may not have been intended for use in actually purchasing the marijuana from Prendergast, an inference is raised by A.R.S. § 13–4305(B) that the money was intended to be used by Dimitriou to facilitate his possession and sale of the marijuana. For instance, the money could have been expended for transportation expenses. Dimitriou therefore had the burden of proving by a preponderance of the evidence that his interest in the $98.00 was not subject to forfeiture. A.R.S. § 13–4311(K). Dimitriou failed to offer any evidence to rebut the statutory inference. Therefore, the court did not err in ordering the forfeiture of the $98.00, along with the $10,000.00.

Dimitriou argues in his reply brief that the application of the statutory inference contained in A.R.S. § 13–4305(B) results in the violation of his constitutional due process rights. He relies on *Sandstrom v. State of Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), in which the U.S. Supreme Court held that a jury instruction in a criminal case stating that the law presumes that a person intends the ordinary consequences of his voluntary acts was unconstitutional because it violated the due process requirement that the state prove every element of a criminal offense beyond a reasonable doubt. *Sandstrom* does not support Dimitriou's argument because this case involves a civil *in rem* forfeiture action, not a criminal action. The courts have recognized the difference in the relative burdens of proof in criminal and civil forfeiture actions. *See, e.g., United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984) (Supreme Court upheld forfeiture after claimant was acquitted in related criminal case having raised entrapment as defense); *Matter of 1972 Chevrolet Monte Carlo, VIN NO. 1H57J2L537840, 1976 Arizona License No. TKM–612,* 117 Ariz. 461, 573 P.2d 535 (App.1977) (court permitted forfeiture of car containing marijuana seeds and debris, but not useable amount, even though possession offense could not be proved).

Dimitriou also claims that his right to rebut the statutory inference was illusory due to the threat of future criminal conviction. However, Dimitriou does not explain how the threat of criminal conviction hampered his ability to testify that the $98.00 was actually intended for some lawful use. We reject Dimitriou's due process violation argument because he failed to present any authority that would support it.

The judgment is affirmed.

GERBER and LANKFORD, JJ., concur.