32 P.3d 39

**In the Matter of: 1996 NISSAN SENTRA Vin: 1N4AB41D1TC74220 Az Lic: 162ARH**

**No. 2 CA–CV 00–0162.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 25, 2001.

**116**

Barbara LaWall, Pima County Attorney, By Alison Ferrante, Tucson, for Appellant State.

Sidney F. Wolitzsky, Tucson, for Appellee Teruko Simmons.

Janet Napolitano, Arizona Attorney General, By Cameron H. Holmes, Phoenix, for Amicus Curiae.

### OPINION

FLÓREZ, J.

¶ 1 Appellant State of Arizona challenges the trial court's grant of appellee Teruko Simmons's cross-motion for summary judgment in this civil in rem forfeiture action against Simmons's 1996 Nissan Sentra. The state contends that the trial court erred in finding that 1) prior statements made by Simmons's son, Dennis Day, which the state and Simmons had attached to their respective motions for summary judgment, were inadmissible hearsay; 2) the racketeering forfeiture statutes do not apply to this action; and 3) Simmons's interest in the Nissan is exempt from forfeiture. The state also claims that the trial court erred in denying its motion for summary judgment. We reverse.

### Background

¶ 2 We review de novo the trial court's grant of Simmons's cross-motion for summary judgment, and "we view all facts and reasonable inferences ... in the light most favorable to the party against whom [summary] judgment was entered." *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, ¶ 2, 965 P.2d 47, ¶ 2 (App.1998). In a recorded interview with a prison investigator, Day stated that he had been having problems with some of the other inmates because they "thought [he] was some kind of a snitch," and because of his multi-ethnic racial background. To repay an inmate, Leroy Perez, who had helped him resolve his conflicts with the other inmates and to "mak[e] money and things like that," Day convinced Simmons to smuggle marijuana into the prison for him and Perez.[1]

¶ 3 It is undisputed that after Day had made arrangements for Simmons to pick up the marijuana, Simmons drove her Nissan to a hardware store parking lot, where an unknown couple gave her four small packets of marijuana. Less than two weeks later, Simmons concealed the packets in her brassiere and brought them into the prison where Day was incarcerated. During visiting hours, Simmons passed the packets to Day, who concealed them in his shoes. Prison officials discovered the packets shortly thereafter.

¶ 4 Simmons pled guilty to facilitation to promote prison contraband. Several months later, the state brought a civil in rem forfeiture action against Simmons's Nissan pursuant to A.R.S. §§ 13–2301(D)(4), 13–2314(G), 13–3413, and 13–4301. The trial court granted Simmons's cross-motion for summary judgment, reasoning that Simmons's interest in the Nissan was exempt under A.R.S. § 13–4304(3) because "there was no personal financial gain to [Simmons] and ... the

---

1. Day later informed the prison investigator, however, that he "wasn't going to sell [the marijuana]," he was going to "just bring it back and give it to [Perez]." Instead of money, Day said that he would receive "[s]ome store" if Simmons "was successful bringing it in."

amount of unlawful substance involved was well below the threshold amount." This appeal by the state followed.

## Statements by Coparticipant

¶ 5 The state contends that "the trial court committed error in holding that the statements made by ... Day [to the prison investigator] were inadmissible hearsay." We review de novo the trial court's legal conclusion that the state could not support its motion for summary judgment with Day's statements. *See Enterprise Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144, 3 P.3d 1064 (App.1999) (questions of law are reviewed de novo). Although it is generally true that a trial court should not consider hearsay in considering a motion for summary judgment, *Jabczenski v. Southern Pacific Memorial Hospitals, Inc.*, 119 Ariz. 15, 579 P.2d 53 (App.1978), the trial court here erred in not considering Day's statements.

¶ 6 In ruling on a party's motion for summary judgment, the trial court should consider those facts that would be admissible in evidence. "Generally, the 'facts' which the trial court will consider as 'admissible in evidence' in ruling on a motion for summary judgment are those which are set forth in an affidavit or a deposition; an unsworn and unproven assertion in a memorandum is not such a fact." *Prairie State Bank v. IRS*, 155 Ariz. 219, 221 n. 1A, 745 P.2d 966, 968 n. 1A (App.1987).

¶ 7 We conclude that the trial court erred in refusing to consider Day's statements when ruling on the state's motion for summary judgment. Simmons waived any objection to Day's statements because she also attached the transcript of the prison investigator's interview to her cross-motion for summary judgment. Additionally, Simmons waived her right to object to any deficiencies in the documents the state attached to its motion for summary judgment, which included the transcript, by failing to file a motion to strike. *See Johnson v. Svidergol*, 157 Ariz. 333, 757 P.2d 609 (App.1988). And finally, we note that Simmons chose not to address in her answering brief the state's

argument that Day's statements were admissible. Such an omission can be considered a confession of error, *see State ex rel. McDougall v. Superior Court*, 174 Ariz. 450, 850 P.2d 688 (App.1993), and we deem it so here.

## Application of the Racketeering Statutes

¶ 8 The state next contends that "the trial court committed error when it failed to find that [Simmons's Nissan] is subject to forfeiture under the authority of the racketeering statutes." We review de novo the trial court's interpretations of § 13–2301, the statute defining "racketeering," and § 13–2314(G), the racketeering forfeiture statute. *See In re $3,636.24 U.S. Currency*, 198 Ariz. 504, 11 P.3d 1043 (App.2000). "If the language of a statute is clear and unambiguous, this court must give it effect. In doing so, 'we must read the statute as a whole and give meaningful operation to each of its provisions.'" *Id.* at ¶ 10, 11 P.3d 1043 (citation omitted), *quoting Ruiz v. Hull*, 191 Ariz. 441, ¶ 35, 957 P.2d 984, ¶ 35 (1998).

¶ 9 Any property used in connection with an act of racketeering is subject to forfeiture. § 13–2314(G). "'Racketeering' means any act ... that is committed for financial gain ... that *would be* punishable by imprisonment for more than one year, regardless of whether such act is charged or indicted, involving ... marijuana." § 13–2301(D)(4) (emphasis added).[2] Although Simmons pled guilty to facilitation of promoting prison contraband, a class six felony, the state had ample evidence to support the indictment against Simmons for promoting prison contraband. A.R.S. § 13–2505(A). Promoting prison contraband is a class two felony when the contraband involved is marijuana, § 13–2505(C), and as such, would be punishable by imprisonment for more than one year. *See* A.R.S. § 13–701(C)(1).

¶ 10 Simmons nonetheless argues that "the racketeering statute does not apply here because ... she did not [seek to] receive any [personal] financial gain in bringing the marijuana to [Day]." Simmons also claims that she "never knew what [Day's] intentions were after she delivered the mari-

---

2. There is no threshold amount of drugs required    to trigger the racketeering statute.

juana to him" and that her "only clear intention was to bring the marijuana to [him] for which she received no financial gain." Simmons fails to cite any authority to support her interpretation of § 13–2301 that any financial gain must be personal to her, nor do the racketeering statutes and forfeiture case law address whether the requisite financial gain must be personal to Simmons before she can be found to have committed an act of racketeering. But as a matter of public policy, and subject to those exemptions recognized by our statutes, we decline to exclude from the application of the racketeering forfeiture statute the property of one who "volunteers" in a racketeering enterprise that has a financial objective, simply because the "volunteer" is not personally receiving a financial gain.

¶ 11 Simmons intentionally smuggled a controlled substance into a correctional facility and surreptitiously transferred it to an inmate. Among the aims of the forfeiture laws are compensation of those injured by the illegal conduct, *see In re One 1983 Toyota Silver Four–Door Sedan v. Valentine*, 168 Ariz. 399, 814 P.2d 356 (App.1991), deterrence of illegal activities, *see In re 1972 Chevrolet Monte Carlo*, 117 Ariz. 461, 573 P.2d 535 (App.1977), and elimination of the means to commit additional crimes. *See In re Ten Thousand Ninety–Eight Dollars in United States Currency*, 175 Ariz. 237, 854 P.2d 1223 (App.1993). To further those aims, we hold that as long as a criminal enterprise involving racketeering ultimately has the objective of financial gain, as here, any property knowingly used to facilitate or advance that enterprise is subject to forfeiture, regardless of the objectives of the individual participants.

¶ 12 Moreover, contrary to Simmons's unsupported assertion, the fact that the state failed to charge her under the racketeering act is of no consequence. Section 13–2314 does not, on its face, require that an owner of property be charged with or convicted of racketeering before the court can find forfeited the property involved. Thus, for the reasons set forth above, the trial court erred in determining that Simmons's vehicle was not subject to forfeiture under § 13–2314(G).

## Exemption from the Racketeering Forfeiture Statute

¶ 13 The state also contends that the trial court erred in applying § 13–4304(3) so as to exempt the property from any of the bases for forfeiture that the state asserted. Section 13–4304(3) prohibits forfeiture

pursuant to § 13–3413, subsection A, paragraph 1 or 3 if the conduct giving rise to the forfeiture both:

(a) Did not involve an amount of unlawful substance greater than the statutory threshold amount as defined in § 13–3401.

(b) Was not committed for financial gain.

The statute clearly limits its application to forfeiture actions brought under § 13–3413. Moreover, Simmons concedes that "the racketeering statutes do not contain the same exemptions as those provided under A.R.S. [§ ] 13–4304." We conclude, therefore, that the trial court erred in finding that § 13–4304(3) also exempted Simmons's interest in the Nissan from the state's racketeering claim for forfeiture relief under § 13–2314.

## Other Contentions

¶ 14 Simmons argues, however, that under *In re 1972 Chevrolet Corvette*, 124 Ariz. 521, 606 P.2d 11 (1980), the state is barred from pursuing this forfeiture action because "[t]he state may not seek to forfeit a vehicle because of the criminal conduct of its owner where the plea agreement does not refer to a … forfeiture action." Because Simmons failed to present this argument to the trial court, we will not consider it on appeal. *Mohave Elec. Coop., Inc. v. Byers*, 189 Ariz. 292, 942 P.2d 451 (App.1997).

¶ 15 Simmons also maintains that "there must be some logical connection between the amount of contraband seized and the property that the State seeks to forfeit." Even assuming that Simmons preserved this issue for appeal by her oblique argument to the trial court that "it's a very severe penalty to ask the Court to force someone to give up their [sic] only means of transportation over three grams of marijuana," Simmons has failed to support her position that the value

of the property the state seeks to forfeit must be proportionate to the conduct at issue with any citations to legal authority. Accordingly, we need not address this issue either. *See Brown v. United States Fidelity & Guar. Co.*, 194 Ariz. 85, 977 P.2d 807 (App.1998) (rejecting assertion of bad faith against insurer not supported by argument or citation of authority).

### Denial of State's Motion for Summary Judgment

¶ 16 Finally, the state contends that the trial court erred in denying its motion for summary judgment. The denial of a motion for summary judgment is not an appealable order. *See State v. Superior Court*, 140 Ariz. 365, 681 P.2d 1384 (1984). But, because we have jurisdiction of the appeal from the grant of Simmons's motion for summary judgment, we may consider the merits of the state's motion if it is entitled to summary judgment as a matter of law and there are no genuine issues of material fact. *See Bothell*. Because we agree with the state's argument that it "established ... and proved ... [that Simmons's conduct] constituted ... [r]acketeering conduct committed for financial gain," and because Simmons did not show by a preponderance of the evidence that the 1996 Nissan is not subject to forfeiture, *see In re U.S. Currency in the Amount of $315,900.00*, 183 Ariz. 208, 902 P.2d 351 (App.1995), we reverse the trial court's denial of the state's motion for summary judgment.

¶ 17 The uncontested facts established that Simmons drove the 1996 Nissan from her home to the hardware store parking lot so that she could pick up the marijuana she later smuggled into a correctional facility for the benefit of an inmate who had admitted that he and another inmate had convinced her to bring them the marijuana so that it could be sold. Based on these facts and our interpretation of the applicable racketeering statutes, we reverse the trial court's grant of summary judgment in favor of Simmons and remand this matter to the trial court so that it may enter summary judgment in favor of the state.[3]

¶ 18 Reversed and remanded with directions. ·

BRAMMER, JR., P.J. and PELANDER, J., concurring.

---

**3.** The state also maintains that the trial court erred in finding that the Nissan could not be forfeited pursuant to A.R.S. § 13–3413 (drug) because Simmons's interest was exempt under A.R.S. § 13–4304. We need not consider this issue because we have already determined that Simmons forfeited her interest in the Nissan under A.R.S. § 13–2314(G) (racketeering).