IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESUS ANGULO-MURRIETA, *Plaintiff/Appellant*,

*v.*

CITY OF YUMA, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0259
FILED 3-30-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-010607
The Honorable James D. Smith, Judge

**AFFIRMED**

COUNSEL

Southwest Center for Equal Justice, Flagstaff
By Wendy F. White
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Michele Molinario, Lori L. Voepel, Jonathan P. Barnes, Jr.
*Co-Counsel for Defendants/Appellees City of Yuma and John Lekan*

Yuma City Attorney's Office, Yuma
By Rodney C. Short
*Co-Counsel for Defendants/Appellees City of Yuma and John Lekan*

Yuma County Attorney's Office, Yuma
By Edward P. Feheley
*Counsel for Defendants/Appellees Yuma County and Yuma County Attorney*

―――――――――――――――

**OPINION**

Presiding Judge David B. Gass delivered the opinion of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

―――――――――――――――

**G A S S**, Judge:

¶1        Jesus Angulo-Murrieta appeals from a superior court order dismissing his 42 U.S.C. § 1983 claim against the City of Yuma, Yuma County, and various individuals in their official capacity (collectively, the Yuma defendants). Angulo-Murrieta contends the superior court erred when it ruled his conduct was subject to Arizona's civil asset forfeiture statutes. Because the superior court correctly applied the plain language of the statutes, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Yuma police officers arrested Angulo-Murrieta and another person after the two allegedly entered a victim's fenced backyard, stole property worth $500, and caused about $100 in damage. As Angulo-Murrieta left the scene, officers stopped his car, found the stolen property, and seized the car for evidence. The State charged Angulo-Murrieta with misdemeanor theft, misdemeanor criminal damage, and third-degree felony burglary.

¶3        Yuma police and the Yuma County Attorney's Office moved to seize Angulo-Murrieta's car for forfeiture, with the proceeds to go to the County's anti-racketeering revolving fund. Angulo-Murrieta did not file a claim in the forfeiture action, and the superior court granted the forfeiture application. Angulo-Murrieta later pled no contest to solicitation to commit third-degree burglary, a class 6 felony, with intent to "commit theft of scrap wire."

¶4        Angulo-Murrieta filed a § 1983 claim, alleging the Yuma defendants violated his constitutional rights by unlawfully seizing his car for forfeiture. The Yuma defendants moved to dismiss Angulo-Murrieta's amended complaint for failure to state a claim, arguing Arizona law authorized the car's seizure because his conduct met the definition of "racketeering." The superior court granted the motion to dismiss.

2

¶5        Angulo-Murrieta timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

**ANALYSIS**

¶6        The State may file a forfeiture action against "property used or intended to be used in any manner or part to facilitate the commission of" racketeering as defined in A.R.S. § 12-2301.D.4. *See* A.R.S. § 13-2314.G.3. Angulo-Murrieta argues his car was not subject to forfeiture because police lacked probable cause to believe he committed racketeering as § 13-2301.D.4 defines that term. He concedes his § 1983 claim would fail if the statute's definition of racketeering encompasses his conduct.

¶7        This court reviews *de novo* the dismissal of a complaint for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). For this analysis, this court considers the facts alleged in his complaint. *See id.* at 356, ¶ 9. Dismissal of Angulo-Murrieta's complaint was proper if as a matter of law he would "not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)).

¶8        This court further reviews *de novo* issues of statutory interpretation and application. *State ex rel. Brnovich v. Miller*, 245 Ariz. 323, 325, ¶ 6 (App. 2018). When interpreting a statute, this court begins with the statute's text, as its text is the most reliable indicator of its meaning. *State v. Christian*, 205 Ariz. 64, 66, ¶ 6 (2003). If a statute's text is unambiguous, this court need not resort to other methods of statutory interpretation. *Id.*

¶9        "Seizure and attempted forfeiture of one's property implicates protections under the Fourth, Fifth, and Fourteenth Amendments against unreasonable seizures and property deprivations without due process of law." *In re U.S. Currency in the Amount of $315,900.00*, 183 Ariz. 208, 213 (App. 1995). Law enforcement may lawfully seize property when they have probable cause to believe the property is subject to forfeiture. A.R.S. § 13-4305.A.3.(c); *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1071 (9th Cir. 1994) ("The standard of probable cause to support a forfeiture is similar to that required for a search warrant.").

¶10       As we explain below, we read A.R.S. § 13-2301.D.4 as defining "racketeering" to include Angulo-Murrieta's conduct because the alleged burglary was chargeable or indictable and punishable by more than one year in prison and it involved theft, an enumerated act. Angulo-Murrieta reads the statute differently. He concedes officers had probable cause to

believe he used his car in committing misdemeanor theft and third-degree felony burglary. He contends probable cause could not give rise to a forfeiture because third-degree felony burglary is not one of the enumerated acts under § 13-2301.D.4.(b), and misdemeanor theft, though an enumerated act, is not punishable by imprisonment for more than one year. *See* A.R.S. § 13-1802.G ("Theft of any property or services valued at less than one thousand dollars is a class 1 misdemeanor . . . ."); -707.A.1 (maximum six-month term of imprisonment for class 1 misdemeanors).

**¶11** Angulo-Murrieta's argument relies on *dicta* in *State ex rel. Corbin v. Pickrell*, which described racketeering as "[an] act . . . performed for financial gain, [that is] one of the illegal acts enumerated in statute, and [is] chargeable and punishable in accordance with the requirements of the statute." 136 Ariz. 589, 596–97 (1983). But Angulo-Murrieta's reliance on the statement in *Pickrell* is misplaced for two reasons. First, the facts in *Pickrell* established racketeering occurred; the only issue was whether a private right of action for racketeering required proof of a resulting "special 'racketeering injury.'" *See id.* at 594–95.

**¶12** Second, and more significant, the racketeering statute applied in *Pickrell* was substantially amended in 2002. *See* 2002 Ariz. Sess. Laws, ch. 219, § 9 (2d Reg. Sess.) (S.B. 1427). When *Pickrell* was issued, the statute defined racketeering as:

> [A]ny act, including any preparatory or completed offense, [1] committed for financial gain, [2] which is chargeable or indictable . . . and [3] punishable by imprisonment for more than one year, regardless of whether such act is charged or indicted, [4] involving:
>
> . . . .
>
> (e) Theft.

A.R.S. § 13-2301.D.4 (1978).

**¶13** The legislature broadened the racketeering definition in 2002 to read:

> [1] any act, including any preparatory or completed offense, [a] that is chargeable or indictable . . ., and [b] that would be punishable by imprisonment for more than one year under the laws of this state . . ., regardless of whether the act is charged or indicted, *and* [2] *the act involves* []:

4

. . . .

(b) *Any of the following acts if committed for financial gain:*

. . . .

(v) Theft.

A.R.S. § 13-2301.D.4 (emphasis added).

¶14        As amended, the definition of racketeering now begins by requiring (1) "any act, including any preparatory or completed offense," satisfying two conditions: (a) the act must be "chargeable or indictable" under the applicable laws; and (b) the act must be punishable by imprisonment for more than one year under Arizona law. *See* A.R.S. § 13-2301.D.4. Next, (2), the act must "involve[]" another act. *Id.* Absent terrorism under § 13-2301.D.4.(a), the other act must be both "committed for financial gain" and be one of the enumerated "acts." A.R.S. § 13-2301.D.4.(b). By arguing the enumerated act must be punishable by more than one year in prison, Angulo-Murrieta incorrectly collapses the statute's two-part definition and disregards the legislature's choice in 2002 to separate the one-year punishment condition from the list of enumerated offenses.

¶15        Properly construing the current version of the statute requires analysis of the 2002 amendment. First, when the legislature changed "involving" to "the act involves . . . any of the following acts," it separated the first part of the definition—an act punishable by imprisonment of a year or more—from the second—the list of enumerated acts. "An act involv[ing]" other "following acts" specifies two distinct acts, the first of which must be punishable by a term of imprisonment greater than one year, and the second, which qualifies if it is enumerated and committed for financial gain, without regard to its seriousness or potential punishment. The added words render theft for which the punishment is less than one year—misdemeanor theft, as is the case here—an enumerated offense under the statute. *See Washburn v. Pima County*, 206 Ariz. 571, 576, ¶ 11 (App. 2003) (appellate court presumes the legislature intends to change the law when it substantively changes the language of a statute); *see also Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019) ("A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous.").

¶16        Additionally, the only condition the legislature placed on the enumerated acts listed in § 13-2301.D.4.(b) is they be "committed for

financial gain." Two canons of statutory construction apply to this provision. First, the nearest-reasonable-referent canon suggests a list like the one under § 13-2301.D.4.(b) should apply to the most proximate relevant reference. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 152 (1st ed. 2012). Here, the most proximate relevant reference is in subdivision (b), which prefaces which acts are enumerated acts "if committed for financial gain"—not "[the] act" punishable by more than a year in prison earlier in § 13-2301.D.4. Second, the scope-of-subparts canon teaches "[m]aterial within an indented subpart relates only to that subpart." *Id.* at 156. Though the list of enumerated acts is not physically indented, the statute's use of lower-case letters and roman numerals indicates the enumerated items are clearly subparts of § 13-2301.D.4.(b), implicating this canon because the enumerated acts are listed only under subdivision (b)—the acts qualifying as "the following acts if committed for financial gain." Together, these canons of statutory interpretation divorce the requirements for what constitutes "any act" punishable by more than a year in prison from what qualifies as "any of the following acts if committed for financial gain."

¶17        In ruling Angulo-Murrieta's conduct fell within the racketeering definition, the superior court relied on *In re 1996 Nissan Sentra*, 201 Ariz. 114 (App. 2001). *Nissan Sentra* was decided under the pre-2002 statutory language and focused on a different issue. *See id.* at 117–18, ¶¶ 10–11 (analyzing the statute's financial gain component). The discussion in *Nissan Sentra*, nonetheless, is instructive because the court implicitly recognized misdemeanor possession of marijuana could trigger forfeiture under the pre-2002 statute. *See id.* at 117, ¶ 9 n.2 ("There is no threshold amount of drugs required to trigger the racketeering statute."). In relying on *Nissan Sentra*, the superior court noted possession of marijuana is not the only potential misdemeanor on the list of enumerated offences in § 13-2301.D.4.(b). Theft can be a misdemeanor or a felony. *See* A.R.S. § 13-1802.G. Even further, usury is a class 1 misdemeanor and cannot become a felony. A.R.S. § 13-2208; -2301.D.4.(b)(viii) (listing usury as an enumerated act for racketeering purposes). Because the statute does not give a felony qualifier on the enumerated crime of theft in § 13-2301.D.4.(b)(v), we decline to do so by judicial fiat.

¶18        We recognize some prior decisions overlooked the 2002 amendment when characterizing the elements of racketeering. *See, e.g.*, *Hannosh v. Segal*, 235 Ariz. 108, 111, ¶ 7 (App. 2014) (defining racketeering as "any act or preparatory act committed for financial gain, chargeable or indictable under the law where the act occurred and punishable by more than a year's imprisonment"). Whether acts must be both enumerated and

punishable by more than one year in prison, however, was not the issue in those cases. *See id.* at 111–14, ¶¶ 5–21 (analyzing what qualifies as a cognizable injury under the racketeering statutes). As a result, the descriptions are *dicta*. Accordingly, they are not instructive, and we decline to follow them here.

¶**19**        Looking at the plain language of the statute, we conclude the definition of racketeering in A.R.S. § 13-2301.D.4 unambiguously includes Angulo-Murrieta's conduct. The racketeering statute applies if the act is punishable by more than a year in prison and involves one of the enumerated acts committed for financial gain. The enumerated act itself need not be punishable by more than a year in prison, and the act punishable by more than a year in prison need not be enumerated. Here, officers had probable cause to believe Angulo-Murrieta engaged in conduct meeting both prongs of A.R.S. § 13-2301.D.4's definition of racketeering: (1) felony burglary, which carries a possible term of imprisonment exceeding one year, and (2) misdemeanor theft, which is an enumerated offense committed for financial gain. The seizure and forfeiture of Angulo-Murrieta's car was authorized by law. *See* A.R.S. § 13-4305.A.3.(c); -2314.G.3. The superior court, therefore, did not err in dismissing Angulo-Murrieta's claim.

## CONCLUSION

¶**20**        We affirm the superior court's dismissal of Angulo-Murrieta's § 1983 claim.



AMY M. WOOD • Clerk of the Court
FILED:    AA