NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WAYNE RANDAL ENGRAM, *Plaintiff/Appellant,*

*v.*

UNITED AUTOMOBILE INSURANCE COMPANY, *Defendant/Appellee.*

No. 1 CA-CV 22-0052
FILED 1-10-2023

Appeal from the Superior Court in Maricopa County
No. CV2018-015101
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Wayne Randal Engram, Phoenix
*Plaintiff/Appellant*

Resnick & Louis, P.C., Scottsdale
By Scott Humble
*Counsel for Defendant/Appellee*

_____

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

_____

**B A I L E Y**, Judge:

**¶1**   Plaintiff Wayne Randal Engram appeals from a final judgment entered after the superior court's grant of United Automobile Insurance Company's ("UAIC") motion for summary judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**   In December 2018, Engram filed a complaint alleging that a driver insured by UAIC collided with his vehicle. He sued UAIC and the driver for the driver's negligence. The driver was never served, and the superior court eventually dismissed him from the case.

**¶3**   UAIC moved for summary judgment, arguing that it owed Engram no duty as the driver's insurer. The superior court granted the motion and entered judgment pursuant to Arizona Rule of Civil Procedure 54(c).

**¶4**   We have jurisdiction over Engram's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

**¶5**   We review a grant of summary judgment de novo, viewing the facts and reasonable inferences in the light most favorable to the non-movant. *Hourani v. Benson Hosp.*, 211 Ariz. 427, 432, ¶ 13 (App. 2005).

**¶6**   An appellant has an obligation to cite to the record on appeal, *see* ARCAP 13(a)(7), and Engram has not done so. An appellant must also provide any transcripts necessary to support his arguments on appeal. *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010) (quoting *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995)); *see also* ARCAP 11(b)(1). Although Engram filed incomplete transcripts of a status conference and the oral argument on his

summary judgment motion, to the extent these transcripts are incomplete, we assume any missing portions would support the superior court's judgment. *See Blair*, 226 Ariz. at 217, ¶ 9.

**¶7** Engram argues that genuine issues of material fact exist, and the court therefore erred in granting summary judgment. *See In re 1996 Nissan Sentra*, 201 Ariz. 114, 119, ¶ 16 (App. 2001); Ariz. R. Civ. P. 56(a). But he points to no such issues in either his opening or reply brief on appeal. He simply argues—as he did to the superior court—that UAIC is responsible for its insured driver's negligence.

**¶8** His contention is contrary to Arizona law. An injured party generally has no claim against an insurer based solely on its coverage of the alleged tortfeasor. *Flynn v. Campbell*, 243 Ariz. 76, 82-83, ¶¶ 19, 23 (2017); *Assoc'd. Aviation Underwriters v. Wood*, 209 Ariz. 137, 181, ¶ 155 (App. 2004). Engram points to nothing in the record that establishes UAIC and the driver had more than an insurer-insured relationship. On this record, UAIC was entitled to judgment as a matter of law. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 16 (App. 2012). The superior court properly granted summary judgment.

## CONCLUSION

**¶9** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA