2 P.3d 1271

**In re APPROXIMATELY $50,000.00 IN UNITED STATES CURRENCY.**

**No. 2 CA–CV 98–0145.**

Court of Appeals of Arizona, Division 2, Department B.

May 30, 2000.

Richard M. Romley, Maricopa County Attorney By Daniel Schlittner, Phoenix, for State.

Bruner & Bowman, P.C. By Sean Bruner, Tucson, for Claimant.

Janet Napolitano, Arizona Attorney General By Cameron H. Holmes, Phoenix, Amicus Curiae.

## OPINION

ESPINOSA, Chief Judge.

¶ 1 The state appeals from the trial court's order granting Guadalupe Mada–Lorta's (Mada's) request for the return of approximately $50,000 in cash police had seized from her as the proceeds of illegal drug activities, contending the order must be vacated for lack of jurisdiction. Mada claims this court has no jurisdiction to entertain the state's appeal because the trial court's ruling was not an appealable order. We disagree with both contentions but find the trial court erred in ordering the currency returned, apparently on the ground the state had untimely initiated forfeiture proceedings, and therefore reverse the court's order.

### Facts and Procedural History

¶ 2 In July 1997, Arizona Department of Public Safety (DPS) officers stopped a vehicle that was traveling on Interstate 10 in Pinal County. The Phoenix Police Department had informed DPS it had probable cause to believe the vehicle's occupants, Mada and her sister, possessed a large

amount of currency that had been obtained from the sale of illicit drugs. Officers found on Mada's person and in her purse several bundles of cash, totaling almost $50,000. Mada told them the money was not hers and that, in the past, she had been paid to transport money. The officers seized the cash and placed Mada under arrest.

¶ 3 In October 1997, Mada was indicted in Maricopa County on counts of money laundering and illegally conducting an enterprise. The seized currency was impounded in Phoenix as evidence in the investigation of those offenses. Later that month, Mada filed in the Pinal County Superior Court a claim for the seized currency, citing A.R.S. § 13–4311(D)[1] and asserting she "believe[d] that the money ha[d] been seized for forfeiture." In late December, Mada filed a motion "for Return of Seized Property," claiming that the state had failed to timely pursue forfeiture proceedings after she had filed her claim for the currency and citing A.R.S. § 13–4308(B). The state responded that Mada could not unilaterally institute proceedings under the forfeiture statutes because the state had not yet seized the currency for forfeiture. The trial court conducted a hearing in early February 1998 and took the matter under advisement. Meanwhile, the Maricopa County Attorney notified Mada in late February that the currency was subject to forfeiture and that that "assertion, coupled with the [prior] seizure of the property, constitute[d] a seizure for forfeiture pursuant to A.R.S. § 13–4301(8)."[2] In March 1998, Mada entered into a plea agreement with the state and pled guilty to second-degree money laundering. In June 1998, the Pinal County court granted, without explanation, Mada's request for the return of the currency. This appeal followed.

## Appellate Jurisdiction

█ ¶ 4 We first address Mada's claim that we lack jurisdiction to consider this matter because the order from which this appeal has been taken is nonappealable. Specifically, she argues that "an order for return of seized property under 13–4308(B) is [not] a 'final judgment' . . . since it states [in that] paragraph that the State has 7 years to commence an action."[3] See A.R.S. §§ 12–120.21 and 12–2101; see also Musa v. Adrian, 130 Ariz. 311, 636 P.2d 89 (1981) (jurisdiction of appellate courts generally limited to final judgments that dispose of all claims and all parties; public policy against deciding cases piecemeal). Accordingly, Mada proposes that an "order under [§ 13–]4308(B) is merely an intermediate order which dictates who will have possession of the property in question pending any final resolution of the State's decision as to whether to file a forfeiture proceeding[ ] and pending the court's final order in the case." We find Mada incorrectly frames the issue and disagree with her conclusion.

¶ 5 In ordering the state to return Mada's property, the trial court granted her the sole relief she sought. Hence, its order was the "final order in the case." See Kemble v. Porter, 88 Ariz. 417, 419, 357 P.2d 155, 156 (1960) (if, following court's order, there is "nothing left of the case to dispose of," order is final and appealable); McAlister v. Citibank (Arizona), 171 Ariz. 207, 829 P.2d 1253 (1992) (final order is one that disposes of the case, leaving no question open for the court's determination). That the state could commence forfeiture proceedings under the statutory scheme does not mandate a different result. We reject Mada's unsupported suggestion that the state cannot appeal the court's ruling in her favor until the "final resolution" of any forfeiture action, or if none were brought, the year 2003, seven years

1. Section 13–4311(D) allows an owner of or an interest holder in seized property to request a hearing to adjudicate the validity of his or her claimed interest in the property within thirty days after the state has provided notice of pending forfeiture of that property.

2. The county attorney also notified Mada of the seizure for forfeiture pursuant to A.R.S. § 13–4306(C) and of pending forfeiture pursuant to

A.R.S. § 13–4307. Mada asked the Maricopa County Superior Court to consolidate that forfeiture action with her action in Pinal County and to change venue to Pinal County, requests the court denied.

3. Subsection B provides that the state must commence forfeiture proceedings "within seven years after actual discovery of the last act giving rise to forfeiture."

after the police determined that she illegally possessed the currency. We conclude that the order is appealable and that we therefore have jurisdiction of this matter.[4] *See Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 965 P.2d 47 (1998). Thus, we address the issues the state raises on appeal.

### Forfeiture Jurisdiction

¶ 6 The state contends that only it, and not persons with an interest in seized property, can commence forfeiture proceedings under Arizona's forfeiture statutes. A.R.S. §§ 13–4301 through 13–4315. It further asserts that it had not yet commenced forfeiture proceedings on the currency it had seized from Mada, by specifically seizing it for forfeiture, at the time she brought the action requesting its return. Accordingly, the state argues, because Mada could not unilaterally commence a forfeiture proceeding and because the state had not yet done so at the time she filed this action, the Pinal County Superior Court lacked jurisdiction to consider her request for the return of the currency on the ground that the state had not complied with the time requirements of § 13–4308(B).

¶ 7 We agree with the state that Mada could not and did not commence a forfeiture proceeding in Pinal County when she filed this action. Nonetheless, we do not find that fact divested the Pinal County court of jurisdiction to consider Mada's request for the return of the currency. Jurisdiction is the court's power to decide a matter on its merits, whereas venue relates to the place where an action may be heard. *Sil–Flo Corp. v. Bowen*, 98 Ariz. 77, 402 P.2d 22 (1965). Section 13–4311 recognizes that "forfeiture proceedings are in the nature of an action in rem." There is but one superior court in the state for jurisdictional purposes unless the legislature provides otherwise. *See Mohave County v. James R. Brathovde Family Trust*, 187 Ariz. 318, 928 P.2d 1247 (1996); *see also* Ariz. Const. VI, § 13 ("The

superior courts [of Arizona] shall constitute a single court."). And, the superior court typically has in rem jurisdiction over the property or res at issue so long as the property is located in the state. *See, e.g., Polacke v. Superior Court*, 170 Ariz. 217, 823 P.2d 84 (1991). Both well-established principles are reflected in § 13–4302, which broadly provides that forfeiture proceedings may be commenced "in the superior court if the property for which forfeiture is sought is within this state at the time of the filing of the action." *See In re 1976 Porsche Auto.*, 141 Ariz. 421, 687 P.2d 946 (1984) (basic prerequisite to court's exercise of jurisdiction in forfeiture proceeding is court's actual or constructive possession of property that is subject of proceeding). *See also State v. 1810 East Second Ave.*, 193 Ariz. 1, 969 P.2d 166 (1997) (although not expressly stated in the statutes, legislature must have intended that superior court gains jurisdiction over a forfeiture proceeding when state seizes the property to be forfeited).

¶ 8 It is undisputed that the currency had been seized within the state by state agents at the time Mada filed this action in an Arizona superior court requesting its return. Noting that the superior court has original jurisdiction in civil proceedings under A.R.S. § 12–123, the state points out that Mada could have filed a motion with the Pinal County court for the return of the currency based on a claim of denial of due process. It also argues she could have requested that court to order the currency's return pursuant to A.R.S. §§ 13–3922 or 13–4429. We agree the court had jurisdiction to consider such claims. Because we find nothing in the statutes expressly stating that the court otherwise lacked jurisdiction to consider Mada's request for the return of the currency based on a violation of § 13–4308(B), we find it had jurisdiction to consider that claim as well. *See Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984) (we will not infer that legislature intended to divest superior

---

**4.** Whether appealable or not, we would, in any event, have jurisdiction to consider this matter as a petition for special action. *See* A.R.S. § 12–120.21(A)(4) (court of appeals has special action jurisdiction without regard to its appellate juris-

diction); *J.A.R. v. Superior Court*, 179 Ariz. 267, 877 P.2d 1323 (1994) (special action jurisdiction covers both nonappealable orders and appealable orders when remedy by appeal inadequate).

court of jurisdiction; it must enunciate such intent explicitly and clearly).

■ ¶ 9 Indeed, to hold otherwise would appear impracticable. Claimants are entitled to the return of their property pursuant to § 13–4308(B) if they show, *inter alia*, that the state has failed to initiate forfeiture proceedings within sixty days after it seized the property for forfeiture.[5] Whether the state has seized property for forfeiture or merely seized it for evidentiary purposes in a separate criminal proceeding poses a factual question to be determined on a case-by-case basis. If the claimant fails to allege that the property at issue has, in fact, been seized for forfeiture, the court can readily dispose of the contention that the state violated the sixty-day requirement. But, if the parties dispute this issue, the court must determine which party is correct. In either event, the court necessarily has *in rem* jurisdiction to decide this issue. As previously stated, nothing in the forfeiture statutes' language suggests that the court otherwise lacks jurisdiction to consider the ultimate issue of whether the state violated subsection B's timeliness requirements. Having found that the Pinal County court had jurisdiction to consider these matters, we nevertheless agree with the state that the court erred when it apparently found the state had not timely initiated or pursued forfeiture proceedings on the currency.

### Timeliness of Forfeiture Proceedings

■ ¶ 10 A "seizure for forfeiture" is defined as "seizure of property by a peace officer coupled with an assertion by the seizing agency or by an attorney for the state that the property is subject to forfeiture." § 13–4301(8). Mada does not claim on appeal, nor did she claim below, that, at the time she brought this action seeking the currency's return, a state agent had asserted that it was subject to forfeiture.[6] She argues, however, that the state's contention in

the criminal indictment "that the money [was] the proceeds of racketeering, coupled with its seizure meets the definition of 'seized for forfeiture.'" We disagree. Section 13–4301(8) clearly states that, in order to constitute a seizure for forfeiture, the state must affirmatively assert that the seized property is subject to forfeiture. *See State v. Johnson*, 171 Ariz. 39, 827 P.2d 1134 (1992) (if statute's language clear and unambiguous, we must give it effect without resorting to rules of statutory construction). Because the record shows that the state did not do so until February 1998, the currency was not seized for forfeiture until that time. Consequently, because the state initiated forfeiture proceedings at the same time it declared seizure of the currency for forfeiture, it clearly did not violate the statute's requirement that it initiate such proceedings within sixty days. *Cf. In re Ten Thousand Ninety–Eight Dollars ($10,098.00) in United States Currency*, 175 Ariz. 237, 854 P.2d 1223 (1993) (because notice of pending forfeiture was served less than thirty days after currency was seized for forfeiture, service was timely under uncontested forfeiture statute). Moreover, because the state had not yet even initiated forfeiture proceedings, it clearly did not violate the statute's requirement that it timely pursue such proceedings.

■ ¶ 11 Mada further contends that to conclude the sixty-day filing period prescribed in § 13–4308(B) begins only after the state has commenced forfeiture proceedings has the effect of affording the state "seven years in every case to keep [seized] property, without recourse to the claimant," and allows the state "unlimited discretion as to when or where to bring a forfeiture action." We find this argument less than compelling because, first, our legislature has apparently determined that the state should be afforded up to seven years to commence forfeiture proceedings. § 13–4308(B). Second, nothing in that subsection's language otherwise precludes a person from seeking the return of property

---

5. If forfeiture has been timely initiated, the subsection requires that the state must pursue forfeiture within sixty days after providing notice of pending forfeiture if the owner has filed a claim against the property.

6. Although at oral argument Mada's counsel suggested that such an assertion may have been made by a deputy Pinal County attorney, Mada stated in her brief that the deputy county attorney "in charge of forfeitures in Pinal County ... [had] denied any knowledge of the seizure."

when the state has seized or retains it in violation of due process. See, e.g., § 13–3922 (if warrant on which property was seized was issued without probable cause or if property seized not same as described in warrant, magistrate must order its return to person from whom taken); *United States v. 608 Taylor Ave.,* 584 F.2d 1297 (3d Cir.1978) (state cannot effect *de facto* forfeiture by retaining seized property indefinitely; motion for return of property should be granted once criminal proceedings to which it relates have ended); *People v. Superior Court,* 28 Cal.App.3d 600, 104 Cal.Rptr. 876 (1972) (state must return to owner property seized as evidence in criminal prosecution if no further criminal action pending or contemplated).

¶ 12 We conclude the trial court erred as a matter of law when it apparently found that the state had failed to timely initiate or pursue forfeiture proceedings on the currency. *See State ex rel. McDougall v. Johnson,* 181 Ariz. 404, 891 P.2d 871 (1994) (reviewing court not bound by trial court's conclusions of law). The trial court's order returning the currency to Mada is therefore reversed.

CONCURRING: J. WILLIAM BRAMMER, Jr., Presiding Judge, and JOSEPH W. HOWARD, Judge.