162 P.3d 661

**STATE of Arizona, Appellee,**

v.

**Fox Joseph SALERNO, Appellant.**

**No. 1 CA–CR 06–0661.**

Court of Appeals of Arizona, Division 1, Department A.

July 12, 2007.

Terry Goddard, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Katia Méhu, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Fox Joseph Salerno, Florence, Appellant.

## OPINION

IRVINE, Judge.

¶ 1 Fox Joseph Salerno appeals the trial court's order denying his motion for release of seized property because the statute of limitations was still open on possible criminal charges relating to the property. Salerno contends that by refusing to release the property, the trial court violated his constitutional and statutory rights. The State claims this court lacks jurisdiction to consider this appeal. We find that we have jurisdiction and the trial court should have considered Salerno's legal claims. Therefore, we vacate the trial court's order denying Salerno's motion and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Salerno currently is in the custody of the Arizona Department of Corrections based on charges other than those alleged in the current case. The case before us relates to the seizure of Salerno's property prior to the grand jury's indictment on July 27, 2001, charging Salerno with 23 criminal counts related to crimes committed against businesses. This indictment alleged that the offenses were committed between December 5, 2000 and April 25, 2001. Subsequently, the State filed a motion to dismiss the indictment and the court dismissed the case without prejudice on November 29, 2001. The court ordered "that counsel for the State shall advise defense counsel and the defendant regarding the disposition of the defendant's property seized in this offense."

¶ 3 Following the dismissal of the case, Salerno, acting without an attorney, filed a motion with the court to return the seized property. Salerno's motion argued that the court dismissed the case concerning the seized property, the seized items were not illegal in nature, the State seized the items illegally and the original search warrant was invalid. The trial court denied Salerno's motion.

¶ 4 Salerno filed another motion with the court renewing his motion to release the seized property. The court again denied Salerno's motion, directing Salerno to proceed under the statutes regarding disposition of seized property. *See* Ariz.Rev.Stat. ("A.R.S.") §§ 13–4301 to –4315 (2001 & Supp. 2006).[1] Salerno continued to pursue the issue, but did not specifically proceed under the statutes regarding disposition of seized property.

¶ 5 On April 14, 2006, Salerno again filed a motion requesting the court to issue an order releasing the seized property. He informed the court that the two police departments that were holding the property would not release the property without a court order. The State responded in opposition, arguing that the statute of limitations to file charges had not expired. On July 27, 2006, the court denied the motion for release of property because "the Statute of Limitations has not expired."[2] Salerno filed a timely notice of appeal.

---

1. These statutes allow the State to initiate a cause of action in a forfeiture case. Here, the State has not initiated such action. *See* A.R.S. § 13–4302 (2001).

2. The record indicates that the State has not re-filed any criminal proceedings relating to Salerno's property.

## DISCUSSION

¶ 6 Salerno argues three issues: (1) the statute of limitations for prosecution expired, (2) the trial court abused its discretion by denying his motion to return the seized property and (3) the trial court violated his constitutional and statutory rights (A.R.S. §§ 13–3920 to –3922 (2001)) by allowing the State to continue in possession of his property.

¶ 7 The State contends that we do not have jurisdiction to address this appeal. It also contends that the property at issue is evidence that the State can hold and use until the statute of limitations expires for prosecution in 2008. In essence, the State argues that it is allowed to retain property for seven years, although no prosecution is pending. We discuss each argument in turn.

### A. JURISDICTION

¶ 8 The State first argues that we lack jurisdiction to review the trial court's order denying Salerno's motion to release seized property. The State frames the issue as a denial of a motion to release evidence and states that such denial is not an appealable order affecting Salerno's substantial rights pursuant to A.R.S. § 13–4033(A)(2) (2001). We disagree.

¶ 9 First, the Arizona Supreme Court made it clear in *Greehling v. State,* 135 Ariz. 498, 499–500, 662 P.2d 1005, 1007 (1982), that an appellate court has jurisdiction over an order denying a motion for return of property pursuant to A.R.S. § 12–2101 (2003). Although the supreme court was answering the narrow question of whether an adverse ruling in a proceeding brought under A.R.S. § 13–3922[3] could be reviewed by direct appeal, the analysis is equally applicable to a general motion for return of property. *Id.* at 498, 662 P.2d at 1006. The supreme court reasoned that a motion for return of property is civil in nature and such an appeal would be governed by civil appeals. *Id.* at 499, 662 P.2d at 1007. Thus, denying a motion for return of property is a final judgment, leav-

ing no question remaining for judicial determination. *Id.* at 500, 662 P.2d at 1007; *see also* A.R.S. § 12–2101(D) (stating that an appeal may be taken from "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken").

¶ 10 Next, *In re Approximately $50,000.00,* 196 Ariz. 626, 2 P.3d 1271 (App.2000), held that an order regarding seized property is an appealable order. The defendant claimed that the appellate court lacked jurisdiction over the appeal, reasoning that an order to return seized property is not a final judgment because the statute of limitations for initiating forfeiture is seven years. *Id.* at 628, ¶ 4, 2 P.3d at 1273. The defendant claimed that the court's order was merely an intermediate order allowing her to possess the property in question until the State decided whether to file a forfeiture proceeding. *Id.* We did not agree. We reasoned that "[i]n ordering the state to return [appellant's] property, the trial court granted her the sole relief she sought. Hence, its order was the 'final order in the case.'" *Id.* ¶ 5. This court rejected the defendant's interpretation that the State could not appeal the court's ruling until the final resolution of a forfeiture action or until the statute of limitations for filing criminal charges expired. *Id.* Accordingly, this court determined that time remaining within the statute of limitations is not sufficient to prevent appellate jurisdiction over a motion to return property.

¶ 11 Finally, the United States Supreme Court has made it clear that federal court jurisdiction exists if a motion is solely for the return of property and "is in no way tied to a criminal prosecution in esse [in actual existence] against the movant." *Di Bella v. United States,* 369 U.S. 121, 132, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); *see United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971) (finding that "review is available immediately of a denial of a motion

---

3. Arizona Revised Statutes § 13–3922 allows an owner of seized property to controvert the grounds on which a warrant was issued. It provides that the magistrate shall hold a hearing and if the magistrate finds that the property

seized was not described in the warrant or at the time of seizure no probable cause existed for the items subject to seizure, the property shall be returned to the owner unless possession of the property would constitute a criminal offense.

for return of seized property, where there is no criminal prosecution pending against the movant"). We find this reasoning persuasive in determining state court jurisdiction.

¶ 12 Here, the court's order denying Salerno's motion affects Salerno's substantial right to possess his property. Salerno does not have any further recourse at the trial court, thus making the trial court's order a final appealable order. We agree with the reasoning in *Approximately $50,000.00* that the statute of limitations argument alone is not enough to divest us of jurisdiction. The State does not have an absolute right to retain an individual's property, and Salerno does not have recourse against such State action without an appellate remedy.

¶ 13 In this case, the trial court dismissed Salerno's case in November 2001. Neither the record nor the State's brief indicates that the State has taken any action to re-file the prosecution against Salerno or has initiated forfeiture proceedings against the property. According to Salerno the prosecutor stated that "this matter is closed and will not be re-filed." The State did not provide any legitimate or rational reason to allow the State to retain the property such as a pending investigation, re-filing the charges or initiating forfeiture proceedings. Thus, the record before us indicates that the trial court ruled solely on a motion for return of property, resulting in a final appealable order. Although Salerno filed this appeal as a criminal appeal, he referenced § 13–3922 in his April 20, 2006 motion to order released property, preserving the issue for appeal.

¶ 14 Consequently, we reject the State's assertion that we lack jurisdiction to decide this case. We find the purpose of Salerno's motion was solely to seek the return of property, thus allowing us to exercise jurisdiction pursuant to A.R.S. § 12–2101.

## B. ARGUMENTS

██ ¶ 15 Salerno contends that the seven year statute of limitations has expired because the alleged crimes occurred in March of 1998 and 1999. The record, however, does not support Salerno's recollection of dates. The July 27, 2001 indictment indicated that the alleged crimes occurred between December 5, 2000 and April 25, 2001. Thus, the statute of limitations has not expired for the crimes alleged in the original indictment.

¶ 16 Salerno next argues that the trial court abused its discretion in denying his motion to release the seized property. The court's ruling relied only on the fact that the statute of limitations for bringing criminal charges had not expired when it denied Salerno's motion.

¶ 17 We conclude that the State cannot retain property simply by asserting that the statute of limitations has not expired. The State's reliance on the statute of limitations implies that the State can retain property for an indeterminate period of time without any justification. As we recognized in *Approximately $50,000.00*, however, a property claimant may assert statutory or constitutional claims to property that cannot be so easily brushed aside. 196 Ariz. at 630–31, ¶ 11, 2 P.3d at 1275–76 (recognizing that nothing in the forfeiture statute "precludes a person from seeking the return of property when the state has seized or retains it in violation of due process."); *see also State v. Gambling Equip.*, 45 Ariz. 112, 116, 40 P.2d 746, 747 (1935) ("Often, and we think it is generally the practice, where property has come into a court or magistrate's possession in aid of a criminal prosecution, it is restored to its rightful owner when no longer needed, if there is no dispute as to its ownership.").

¶ 18 Salerno claimed violations based on A.R.S. § 13–3922 and the constitution. Salerno has not been provided a hearing regarding the status of his property under either A.R.S. § 13–3922 or the due process clause of the constitution. The State has retained the property in question since November 2001, without re-filing the charges relating to such property or initiating forfeiture proceedings against the property. Because Salerno has raised specific legal claims to the property, we find the trial court's denial of Salerno's motion based solely on the statute of limitations is insufficient.

¶ 19 The State must articulate some valid legal basis for allowing it to withhold Salerno's property without any pending criminal prosecution or forfeiture proceedings. Even

if the search and seizure were valid, eliminating Salerno's A.R.S. § 13–3922 argument, the State does not have absolute discretion to retain property indefinitely. By retaining Salerno's property, the State has effected a de facto forfeiture without allowing Salerno due process rights under the forfeiture statutes. *See Approximately $50,000.00*, 196 Ariz. at 631, ¶ 11, 2 P.3d at 1276; *see also United States v. 608 Taylor Ave.*, 584 F.2d 1297, 1302 (3d Cir.1978) (stating that the government may not retain seized property indefinitely because the result is a de facto forfeiture without due process and motion for return of property should be granted once criminal proceedings to which it relates have ended).

¶ 20 The Third Circuit, in *608 Taylor Avenue*, reviewed caselaw from various circuits and determined that "[i]mplicit in these cases is the basic proposition that the government must have some interest in seized property in order to retain it." 584 F.2d at 1303. Here, if the State intends to re-file the charges or initiate forfeiture proceedings it may be able to assert a valid reason for holding the property. The State must, however, do more than simply assert the statute of limitations.

## CONCLUSION

¶ 21 We vacate the trial court's order denying Salerno's motion and remand the case for further proceedings consistent with this decision.

CONCURRING: JON W. THOMPSON, Presiding Judge, and G. MURRAY SNOW, Judge.