IN THE

# ARIZONA COURT OF APPEALS
### DIVISION TWO

---

IN RE $15,379 IN U.S. CURRENCY

No. 2 CA-CV 2015-0166
Filed December 22, 2016

---

Appeal from the Superior Court in Pinal County
Nos. CV201301603 and CV201301728 (Consolidated)
The Honorable Jason R. Holmberg, Judge

**AFFIRMED IN PART;
REVERSED IN PART AND REMANDED**

---

COUNSEL

Kenneth S. Countryman, P.C., Tempe
By Kenneth S. Countryman
*Counsel for Appellant Corrina Macias*

M. Lando Voyles, Pinal County Attorney
By Alex Mahon, Deputy County Attorney, Florence
*Counsel for Appellee the State of Arizona*

---

## OPINION

Chief Judge Eckerstrom authored the opinion of the Court, in which Judge Staring and Judge Fink[1] concurred.

---

E C K E R S T R O M, Chief Judge:

**¶1** In this civil forfeiture proceeding, appellant Corrina Macias challenges the trial court's refusal to award attorney fees, costs, and prejudgment interest when the proceeding terminated in her favor. She further contends the court erred in not ordering the state either to immediately return the currency seized from her or to issue payment. For the reasons that follow, we reverse the court's order denying the immediate return of the property or an equivalent payment, the order denying costs, and the order denying sanctions under Rule 11, Ariz. R. Civ. P. We otherwise affirm the judgment.

### Factual and Procedural Background

**¶2** On May 28, 2013, a Pinal County Sheriff's deputy seized over $15,000 in cash from a vehicle driven by Macias's husband, who was also transporting a sizeable load of marijuana. Macias filed a claim in the trial court seeking the return of the money. Due to defects in the resulting forfeiture action, the trial court determined it lacked jurisdiction over the proceeding and ordered the currency returned to Macias, with one qualification. The court specifically ordered that the property be returned "to the extent that this $15,379.00 is not being held as evidence in any criminal matter." The court subsequently denied Macias's request for attorney fees, costs, and expenses. It further denied her request for immediate release of the property or an equivalent payment, again citing the

---

[1]The Hon. Thomas Fink, a judge of the Santa Cruz County Superior Court, is authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court order filed July 13, 2016.

pending criminal matter against her husband and the prosecutor's assertion that the currency was being held as evidence.

**¶3**        Although the trial court's order initially lacked certification pursuant to Rule 54(c), Ariz. R. Civ. P., we stayed the appeal sua sponte and revested jurisdiction in the trial court to obtain such certification. *See* Ariz. R. Civ. App. P. 3(b); *Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, ¶ 5, 338 P.3d 328, 330-31 (App. 2014). With a formal judgment now included in the appellate record, we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## Discussion

### Return of Currency or Payment

**¶4**        On appeal, Macias contends the state's action is "unlawful" and violates due process "because the state has no legitimate basis for the refusal to issue payment" or return the property. Regardless of whether this argument was preserved below,[2] we address its merits because doing so is necessary to avoid an erroneous decision on appeal. *See Nold v. Nold*, 232 Ariz. 270, ¶ 10, 304 P.3d 1093, 1096 (App. 2013) (noting waiver a discretionary doctrine). "[W]hen interpretation and application of statutes are involved, we are not necessarily 'limited to the arguments made by the parties if that would cause us to reach an incorrect result.'" *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, ¶ 18, 169 P.3d 120, 125 (App. 2007), *quoting Yarbrough v. Montoya-Paez*, 214 Ariz. 1, n.6, 147 P.3d 755, 762 n.6 (App. 2006).

**¶5**        Our forfeiture statutes generally provide that property not subject to forfeiture must be returned.[3] *See* A.R.S. §§ 13-4310(B),

---

[2]In the trial court, Macias argued her "property [was] being wrongfully withheld by the state," and her motion for relief cited Arizona case law based on due process principles.

[3]We do not address contraband in this opinion, which is an exception to the general rule. *See State v. Gambling Equip.*, 45 Ariz. 112, 117-18, 40 P.2d 746, 748 (1935) (stating property without lawful use will not be returned to owner).

13-4314(E). However, those statutes also implicitly recognize, as does our case law, that the state may retain seized property as evidence for criminal prosecutions. *See* A.R.S. § 13-4306(G)(2); *State v. Fifteen Slot Machines*, 45 Ariz. 118, 119, 40 P.2d 748, 749 (1935); *cf.* A.R.S. §§ 13-3941(C) (stolen or embezzled property), 13-4429(A), (B) (crime victim's property, generally). The power to seize evidence has long existed under the common law, *Smith v. Jerome*, 93 N.Y.S. 202, 202-03 (N.Y. Sup. Ct. 1905), but that power is limited by the "fundamental principle that our Constitution protects . . . against *unreasonable . . . seizures.*" *Search Warrants C-419847 & C-419848 v. State*, 136 Ariz. 175, 176, 665 P.2d 57, 58 (1983) (emphasis added). Accordingly, even when a lawful arrest and seizure have occurred, the retention of property as evidence for a criminal prosecution must be reasonable under the Fourth and Fourteenth Amendments to the United States Constitution. *Krimstock v. Kelly*, 464 F.3d 246, 250-51 (2d Cir. 2006).

¶6 Whether items are seized for civil forfeiture or criminal prosecution, a deprivation of property occurs whenever the state retains someone's belongings, and the owner who is affected may be an innocent party not involved in a criminal case. *See id.* at 254; *Greehling v. State*, 135 Ariz. 498, 500, 662 P.2d 1005, 1007 (1982). People therefore may seek the return of their seized property under the Fourteenth Amendment's Due Process Clause or article II, § 4 of the Arizona Constitution.[4] *See In re Approximately $50,000*, 196 Ariz. 626, ¶¶ 8, 11, 2 P.3d 1271, 1274, 1275-76 (App. 2000).

¶7 Although we have found no Arizona authority addressing the particular issue in this case, numerous federal appellate courts recognize that "[a] prosecutor's right to retain material evidence necessary for trial does not mean that prosecutors can decide unilaterally that [the property] is material and its retention necessary." *Krimstock*, 464 F.3d at 255; *accord Black Hills Inst. of Geological Research v. U.S. Dep't of Justice*, 967 F.2d 1237,

---

[4]In addition to the statutes cited above, a person also might seek the return of seized property through Rule 28.2, Ariz. R. Crim. P., or A.R.S. § 13-3922, though those provisions are not implicated here.

1240-41 (8th Cir. 1992) (while government "may take whatever steps necessary to establish proof of the evidence," government "may not in all cases insist on holding the [property] itself as evidence to be presented to the jury"); *In re Smith*, 888 F.2d 167, 168 (D.C. Cir. 1989) (per curiam) ("bald assertion" that money has evidentiary value is insufficient to justify withholding property). The procedural due process framework set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), applies to motions to return seized property. *See Krimstock*, 464 F.3d at 253-54. This means, at minimum, that a trial court must subject the state's asserted need for property "to scrutiny for reasonableness," "weighing the competing interests . . . in light of less drastic means." *Id.* at 251. "If the [state]'s sole interest in retaining . . . currency is for its use as evidence, the court should consider whether this purpose would be equally well served by the alternatives to holding the money itself . . . ." *United States v. 608 Taylor Ave.*, 584 F.2d 1297, 1304 (3d Cir. 1978).

¶8        Here, the trial court did not reach the question of reasonableness presented by Macias's motions. She sought either the immediate return of her currency or an equal payment because "[m]oney is fungible." *Ariz. Dep't of Revenue v. M. Greenberg Constr.*, 182 Ariz. 397, 401, 897 P.2d 699, 703 (App. 1995), *abrogated on other grounds by Valencia Energy Co. v. Ariz. Dep't of Revenue*, 191 Ariz. 565, ¶¶ 10 & n.3, 34, 959 P.2d 1256, 1261 & n.3, 1267 (1998). She also argued below, and the state did not dispute, that actual cash is typically not presented as evidence in criminal cases. Such evidence usually takes the form of photographs and photocopies, which were in fact obtained by the state here in the related criminal case.

¶9        The record does not disclose why the prosecutor insisted upon retaining the actual currency. The state failed to file a written response to Macias's request for the immediate release of the money or repayment, and the state articulated no specific evidentiary need for this property at the subsequent hearing. Thus, in taking under advisement Macias's request for immediate relief, the trial court observed, "I don't think that you are making an unreasonable request, I just want to make sure under the law . . . I'm not messing up anything in the criminal matter." To the extent the court believed that it was not empowered to order the relief

requested, or did not consider the reasonableness of retaining the currency in light of the available alternatives, this was an error of law representing an abuse of the court's discretion. *See State v. Mangum*, 214 Ariz. 165, ¶ 6, 150 P.3d 252, 254 (App. 2007). Furthermore, given the state's failure to allege any particular need to retain the currency as evidence, the record is devoid of any ground to support the order denying relief. *See Little v. Little*, 193 Ariz. 518, ¶ 5, 975 P.2d 108, 110 (1999) ("An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision."), *quoting Fought v. Fought*, 94 Ariz. 187, 188, 382 P.2d 667, 668 (1963).

¶10　　　　On appeal, the state offers several arguments to support the trial court's ruling, essentially echoing the court's observation that "there is a division" between the benches of the superior court. The state contends, specifically, that civil forfeiture and criminal prosecution are "parallel" and "entirely separate" proceedings, with a "civil trial court" lacking "jurisdiction" or "authority" to return property held as evidence in a pending criminal case. The state further suggests that the court could grant Macias no relief beyond declaring her interest in the property. We are not persuaded by these assertions, many of which the state offers in conclusory fashion.

¶11　　　　Proceedings to return seized property are often civil in nature, yet that characterization does not limit a trial court's power to grant relief. *See, e.g.*, *Greehling*, 135 Ariz. at 500, 662 P.2d at 1007. Indeed, when a court is authorized to order the return of property, it is irrelevant that the disposition may affect a related criminal case over which the court does not have jurisdiction. *See State ex rel. Milstead v. Melvin*, 140 Ariz. 402, 405, 682 P.2d 407, 410 (1984). But the trial court here did not lack jurisdiction in any sense.

¶12　　　　The superior court is a single court of general jurisdiction, *In re Approximately $50,000*, 196 Ariz. 626, ¶ 7, 2 P.3d at 1274, and its administrative divisions have no effect on its jurisdiction. *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102, 907 P.2d 67, 71 (1995). Even when an in rem forfeiture proceeding is improperly initiated, as happened in this case, the superior court has

jurisdiction to order the return of property within the state to its owner. *In re Approximately $50,000*, 196 Ariz. 626, ¶ 7, 2 P.3d at 1274.

**¶13** The superior court had original jurisdiction here under article VI, § 14(3) or (11) of the Arizona Constitution, *see State ex rel. Neely v. Brown*, 177 Ariz. 6, 9, 864 P.2d 1038, 1041 (1993), and could make necessary orders pursuant to A.R.S. § 12-123(B). *See In re Approximately $50,000*, 196 Ariz. 626, ¶ 8, 2 P.3d at 1274. Under the text of § 13-4314(E), which allows compensation for an "interest" in property, the court was not necessarily restricted to ordering the return of the actual currency seized. *See State v. Clifton Lodge No. 1174, Benev. & Protective Order of Elks of U.S.*, 20 Ariz. App. 512, 513, 514 P.2d 265, 266 (App. 1973) (forfeiture statutes "are to be construed according to the fair import of their terms, with a view to effect their object and to promote justice"); *cf.* A.R.S. § 12-1838 (authorizing "necessary or proper" orders for further relief based on declaratory judgment).

**¶14** Moreover, as the state conceded at oral argument, the state has no "absolute right to retain an individual's property," and it cannot justify a continued deprivation simply by asserting that the relevant statute of limitations has not expired. *State v. Salerno*, 216 Ariz. 22, ¶¶ 12, 17, 162 P.3d 661, 664 (App. 2007). Rather, the state must articulate a reasonable basis for retaining the property. *See id.* ¶ 19. Such a basis is lacking on the record before us. We therefore reverse the trial court's order denying the immediate release of the currency or an equivalent payment.[5]

**Attorney Fees**

**¶15** Macias next contends the trial court abused its discretion by not awarding attorney fees under either Rule 11, Ariz. R. Civ. P., or A.R.S. § 13-2314(A). We review all aspects of a court's

---

[5]As we discuss in paragraph thirty-two and footnote seven of this opinion, we do not address the state's assertions concerning a new forfeiture proceeding allegedly affecting this currency, because no issue related to that proceeding is properly before us in this appeal.

Rule 11 order for an abuse of discretion. *James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Prot.*, 177 Ariz. 316, 319, 868 P.2d 329, 332 (App. 1993). An abuse-of-discretion standard of review also applies to a trial court's decision to grant or deny fees under § 13-2314(A). *See Hannosh v. Segal*, 235 Ariz. 108, ¶ 22, 328 P.3d 1049, 1056 (App. 2014); *State ex rel. Goddard v. Gravano*, 210 Ariz. 101, ¶ 37, 108 P.3d 251, 260 (App. 2005).

**¶16**　　　　As our supreme court stated in *Boone v. Superior Court*:

> Rule 11 is violated by the filing of a pleading when the party or counsel knew, or should have known by such investigation of fact and law as was reasonable and feasible under all the circumstances, that the claim or defense was insubstantial, groundless, frivolous, or otherwise unjustified. It is also violated by the filing of pleadings for an improper purpose such as those intended to harass, coerce, extort, or delay.

145 Ariz. 235, 241-42, 700 P.2d 1335, 1341-42 (1985). The rule, in other words, can result in sanctions if either an objective basis for a claim is lacking or the claim was brought for an improper subjective purpose. *See In re Levine*, 174 Ariz. 146, 153, 847 P.2d 1093, 1100 (1993); *In re Estate of Friedman*, 217 Ariz. 548, ¶ 32 & n.11, 177 P.3d 290, 298-99 & 299 n.11 (App. 2008).

**¶17**　　　　Here, the trial court found two jurisdictional defects in the forfeiture proceeding. First, the notice of pending forfeiture was not properly served, because the law enforcement officer who issued it did not obtain the prior authorization from the county attorney required by A.R.S. § 13-4308(A). Second, the state's complaint was filed seventy-two days after the seizure for forfeiture, beyond the sixty-day limit prescribed by § 13-4308(B).

**¶18**　　　　Citing these shortcomings, Macias first suggests the attorney who initiated the forfeiture did not have a "subjective

basis" for believing the action was sustainable.[6] The trial court noted, however, that there was some evidence in the record suggesting the officer had properly contacted the attorney for the state and the resulting notice of forfeiture was properly served. Ultimately, because neither the officer nor the attorney could remember the details in this particular case, the court found that evidence deficient. But the record nonetheless supports a finding that the attorney believed he had complied with § 13-4308(A). The record likewise supports a finding that the state's attorney believed he had complied with § 13-4308(B) insofar as the state asserted in its responsive filing, albeit mistakenly, that the proceeding was timely. We therefore have no basis to disturb the trial court's implicit determination under Rule 11 that the state's attorney acted with appropriate intentions. Furthermore, given that § 13-2314(A) states that a trial court "*may . . . award[] costs and reasonable attorney fees*" to a person who prevails in an adverse forfeiture action, we cannot conclude the trial court erred in denying a discretionary fee award under this provision. (Emphasis added.)

**¶19**     We agree with Macias, however, that the state lacked an objective basis for pursuing the untimely forfeiture proceeding. "An attorney violates Rule 11 by filing a document that he or she knows or should know asserts a position that 'is insubstantial, frivolous, groundless or otherwise unjustified.'" *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, ¶ 113, 276 P.3d 11, 44 (App. 2012), *quoting James, Cooke & Hobson, Inc.*, 177 Ariz. at 319, 868 P.2d at 332. Compliance with this rule is measured by an objective standard of reasonableness. *Id.*; *Standage v. Jaburg & Wilk, P.C.*, 177 Ariz. 221, 230, 866 P.2d 889, 898 (App. 1993). The relevant inquiry is whether, under the circumstances presented, a reasonably prudent attorney would have instituted the proceeding. *Smith v. Lucia*, 173 Ariz. 290, 297, 842 P.2d 1303, 1310 (App. 1992). When an attorney signs a pleading in violation of the rule, some form of sanction is required. *See Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 497, 803 P.2d 900, 908 (App. 1990) (Rule 11 sanctions "mandatory"); *see also Cal X-Tra*,

---

[6]A different attorney was substituted as counsel for the state on appeal.

229 Ariz. 377, ¶ 112, 276 P.3d at 44; *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, ¶ 13, 253 P.3d 288, 293 (App. 2011).

**¶20**        Section 13-4308(B), as noted, requires the state in these circumstances to file a complaint for forfeiture within sixty days of seizing property by a notice of pending forfeiture.  We have held that the plain language of this statute "does not allow the court to excuse the state's failure . . . for 'oversight.'"  *In re $3,636.24*, 198 Ariz. 504, ¶ 15, 11 P.3d 1043, 1045 (App. 2000).  When the state does not act in a timely manner, and a claimant makes a request that the property be released, a trial court is obligated by § 13-4308(B) to release the property from its seizure for forfeiture.  *In re $3,636.24*, 198 Ariz. 504, ¶ 15, 11 P.3d at 1045.

**¶21**        Here, the state offered no reason for filing its complaint nearly two weeks after this deadline.  The state only mistakenly asserted in its response to Macias's motion—a response that was, itself, untimely filed—that the proceeding had been timely and appropriate.  That proceeding had no chance of success in light of *In re $3,636.24*, and counsel offered no argument to limit or modify that precedent.  On the facts before us, we therefore conclude that counsel for the state failed to conduct an adequate inquiry into the factual and legal basis for the forfeiture action and fell below objective standards of professional competence.  *See Standage*, 177 Ariz. at 230, 866 P.2d at 898.

**¶22**        Accordingly, even when we put aside counsel's alleged improper delegation of duties under § 13-4308(A), we find that the state engaged in sanctionable conduct by untimely pursuing the present forfeiture proceeding.  The trial court did not explain the grounds for its Rule 11 ruling on the record.  If the court determined no violation of the rule occurred, this would represent an error of law and an abuse of the court's discretion.  *See James, Cooke & Hobson, Inc.*, 177 Ariz. at 319 n.4, 868 P.2d at 332 n.4.  On remand, we therefore direct the court to impose an appropriate sanction for the state's violation of Rule 11, including possible attorney fees.  *See Taliaferro v. Taliaferro*, 188 Ariz. 333, 341, 935 P.2d 911, 919 (App. 1996) (recognizing trial court's discretion in fashioning sanction with appropriate "relationship to the expenses directly caused by the sanctionable conduct").

**¶23** Macias also sought an award of attorney fees under a mandamus theory pursuant to A.R.S. § 12-2030. This statute provides that a court must award "fees and other expenses" to a private party who "prevails by an adjudication on the merits in a civil action brought by the party against the state . . . to compel a state officer . . . to perform an act imposed by law as a duty on the officer." § 12-2030(A).

**¶24** The present forfeiture proceeding was a civil action initiated by the state; it was not an action "brought by [a] party against the state." *Id.* Although Macias had earlier filed a "judicial claim" seeking the release of the currency, this document was filed within the sixty-day period of time in which the state could initiate a forfeiture proceeding, when no legal duty existed to release the property from its seizure for forfeiture under § 13-4308(B). *See In re Approximately $50,000*, 196 Ariz. 626, ¶¶ 6-7, 10, 2 P.3d at 1274, 1275 (holding person with interest in property cannot compel forfeiture proceeding).

**¶25** An action seeks mandamus relief only "if it seeks to compel a public official to perform a non-discretionary duty imposed by law." *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 231 Ariz. 366, ¶ 19, 295 P.3d 943, 947 (2013). Absent a statutory duty to release the currency here from its seizure for forfeiture, and given the discretion that prosecutors generally have to retain evidence in criminal cases, the present action did not seek relief in the nature of mandamus. The fact that Macias prevailed in the forfeiture proceeding and has now secured the release of her property or an equivalent payment does not transform the proceeding into a mandamus action. *See id.* ¶ 21. Thus, the trial court did not err in refusing to grant the fees requested under the mandamus statute.

**Costs**

**¶26** Macias also contends, as she did below, that she is entitled to recover her costs under A.R.S. § 12-341 as "[t]he successful party to a civil action." We agree. An award of costs was mandatory and not subject to the trial court's discretion. *See Roddy v. County of Maricopa*, 184 Ariz. 625, 627, 911 P.2d 631, 633 (App. 1996). Although the state filed no objection to the statement of costs

below, it now asserts that the expenses Macias sought to recover cannot be awarded as taxable costs under A.R.S. §§ 12-332 and 12-341. We find the state's contention waived and decline to address it in the first instance. *See Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, ¶ 17, 158 P.3d 232, 238 (App. 2007).

**Prejudgment Interest**

¶27            Macias further argues she is entitled to an award of prejudgment interest pursuant to A.R.S. § 12-823. Rule 13(a)(7)(A), Ariz. R. Civ. App. P., requires an appellant to provide supporting record citations in the argument section of her opening brief. Because Macias's opening brief failed to provide the necessary record citations demonstrating that she raised this issue below, we find the argument waived on appeal. *See Spillios v. Green*, 137 Ariz. 443, 447, 671 P.2d 421, 425 (App. 1983).

**Appellate Sanctions**

¶28            Given the state's conduct in this appeal, we ordered briefing on whether it is appropriate for this court to impose appellate sanctions. Having received those briefs, we now find that sanctions in the form of appellate attorney fees are warranted pursuant to Rule 25, Ariz. R. Civ. App. P. The rule provides, in relevant part, that sanctions may be imposed upon a finding that "a motion is frivolous." *Id.* Such sanctions may be designed "to discourage similar conduct in the future." *Id.*

¶29            Here, the state failed to comply with the timelines set forth in our appellate rules, and our allowance of the state's untimely appearance is entirely the result of the state's frivolous motion to reopen the case and allow further briefing. The state initially delayed the appeal by failing to file a timely answering brief; failing to file any motion in response to this court's order dated February 5, 2016 deeming the appeal submitted for our review; and failing to allege good cause for reopening the case until March 31, 2016, ten days after the appeal had been reinstated in this court following the entry of a formal judgment. In the absence of a timely answering brief, this court was prepared to treat the state as having confessed error to the debatable issues raised in Macias's

opening brief.  *See Mahar v. Acuna*, 230 Ariz. 530, ¶ 21, 287 P.3d 824, 830 (App. 2012).  Yet the clerk of this court summarily granted the state's motion to reopen the case and allow further briefing.  We are authorized by Rule 6(b)(2), Ariz. R. Civ. App. P., to independently review procedural motions granted by the clerk.  Having done so, we conclude that the state's motion did not establish good cause for the state's delay, especially when viewed in light of later developments.

**¶30**        The state's motion to reopen alleged two specific grounds for its failure to act in a timely fashion:  (1) the trial court proceedings had been stayed below in response to Macias's May 5, 2014 motion "and a final appealable judgment was precluded thereby" and (2) the order from which the appeal was taken lacked the necessary certification under Rule 54(c), Ariz. R. Civ. P.  The first ground was entirely without merit because the parties addressed the trial court's stay order at the first of three hearings held in this proceeding.  Macias clarified in December 2014 that the stay she had requested did not apply to her motion to return the currency, and neither the parties nor the court interpreted the stay as precluding further hearings or orders.  Moreover, if the state actually believed that the trial court's stay order prevented the entry of a final, appealable judgment, the state should have filed a motion in this court pursuant to Rule 6, Ariz. R. Civ. App. P., to dismiss the appeal for lack of jurisdiction.  Yet the state never made such a motion nor advanced such an argument.

**¶31**        The state's second ground for reopening the case was similarly without merit because a lack of certification does not result in a lack of appellate jurisdiction, *see Madrid*, 236 Ariz. 221, ¶ 5, 338 P.3d at 330-31, and the proper response to such a defect, again, would have been to seek an appropriate order from this court by motion pursuant to Rule 6.  In sum, the state's proffered reasons for its delay neither explained nor excused its failure to respond to this appeal until ten days after the appeal had come at issue for our decision.  The motion to reopen was therefore frivolous because the grounds it alleged were "indisputably without merit."  *Molever v. Roush*, 152 Ariz. 367, 376, 732 P.2d 1105, 1114 (App. 1986).

¶**32** Although we are generally reluctant to award sanctions under Rule 25, *see Molever*, 152 Ariz. at 375, 732 P.2d at 1113, we find them warranted under the particular circumstances here. Macias's time-sensitive demand for the immediate return of her currency or an equivalent payment was a central issue in this appeal. The state's answering brief opposed this request for immediate relief, however, and on June 13, 2016, the state requested oral argument in this court. At oral argument held in July 2016, the state then conceded for the first time that the trial court had erred by denying the request and not actually releasing the currency. The state further asserted for the first time that the issue was now moot due to a new, separate forfeiture proceeding that counsel for the state had filed at the end of June 2016, when its request for oral argument in this case was still pending.[7]

¶**33** Given that the state has, in effect, exploited its unreasonable delay in this appeal in an apparent effort to deny Macias the relief to which she was admittedly entitled, we find sanctions appropriate under Rule 25 in order to encourage future compliance with our rules of appellate procedure and to discourage the dilatory conduct the state displayed in this case.

## Disposition

¶**34** For the foregoing reasons, we grant Macias's appellate costs, *see* § 12-341, as well as her appellate attorney fees, subject to her compliance with Rule 21, Ariz. R. Civ. App. P. We reverse the trial court's orders denying Macias her costs and her request for Rule 11 sanctions. We also reverse the trial court's orders denying Macias's request for the immediate release of the currency or equivalent payment and instruct the trial court to order such relief

---

[7]We note that it is improper to assert a mootness claim at oral argument based on materials not included in the record on appeal. *In re Henry's Estate*, 6 Ariz. App. 183, 188, 430 P.2d 937, 942 (1967). If a mootness claim depends on such materials, a party should file an appropriate motion with supporting documentation in accordance with Rule 6(a)(3). Because the state never presented a proper mootness claim in this court, we do not address that issue.

forthwith. We remand the case for further proceedings on these matters consistent with this opinion. Otherwise, we affirm the trial court's judgment.