NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CRYSTAL DAWN, *Plaintiff/Appellee*

*v.*

YUMA'S SUNSET MOUNTAIN CONSTRUCTION, *Defendant/Appellant*.

No. 1 CA-CV 20-0645
FILED 11-18-2021

Appeal from the Superior Court in Yuma County
No. S1400CV201800769
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

William P. Katz, Yuma
*Counsel for Defendant/Appellant*

Murphy Schmitt Hathaway & Wilson PC, Prescott
By Robert E. Schmitt
*Co-Counsel for Plaintiff/Appellee*

Becke & Olson PLLC, Prescott
By Andrew J. Becke
*Co-Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

¶1 Defendant Yuma's Sunset Mountain Construction, L.L.C. ("YSMC") appeals the superior court's order denying its request for sanctions against plaintiff Crystal Dawn and her attorneys under Arizona Rule of Civil Procedure ("Rule") 11 and A.R.S. § 12-349. YSMC also appeals the court's denial of a portion of its request for taxable costs. Finding no abuse of discretion, we affirm.

## BACKGROUND

¶2 In March 2017, Dawn was involved in a car accident with Carolyn Mathis. At the scene of the accident and in later interviews, Mathis stated she did not see Dawn's motorcycle approaching until Mathis entered the intersection while taking a left-hand turn. Mathis did not mention any obstructions to her line of sight that may have contributed to the accident.

¶3 Upon further investigation, however, Mathis retained an accident reconstructionist to create a report of the scene in relation to a potential line-of-sight obstruction from a portable advertising sign in the right-of-way on the northeast corner of the intersection. Two days before the expiration of the statute of limitations, Mathis gave Dawn the names of entities that could be responsible for landscaping located near the same corner, based on the accident reconstructionist's preliminary opinion that the landscaping affected sight distance. As relevant here, Dawn filed a second amended complaint on March 20, 2019, adding claims of negligence and negligence per se against YSMC and two other entities allegedly responsible for installing or maintaining the landscaping.

¶4 A few weeks later, Mathis filed a notice of non-party at fault, alleging that various individuals or entities associated with the installation or maintenance of the landscaping were negligent because the shrubbery and trees "like[ly] caused or contributed to the subject motor vehicle accident by improperly creating a site distance obstruction to the left turning Mathis vehicle." The accident reconstructionist later concluded in

his report that the presence of the advertising sign and the landscaping would limit a motorist's ability to "fully observe approaching traffic."

¶5 Beginning in September 2019, two of the defendants were dismissed from the lawsuit after they provided affidavits to Dawn indicating they had no material involvement with the landscaping. At least one of those defendants agreed to bear its own costs and expenses. Dawn and YSMC discussed dismissing YSMC but disagreed regarding the terms. Dawn offered to dismiss YSMC without prejudice, with each side bearing their own attorneys' fees and costs, if YSMC would provide an affidavit stating that it did not have any responsibility for the installation or maintenance of the landscaping near the intersection where the accident occurred. YSMC declined that offer, as well as other similar offers, asserting it would seek recovery of all its fees and costs incurred in defending the second amended complaint. YSMC then demanded that the claims against it be dismissed with prejudice, and that Dawn pay YSMC $12,032.21, which included $7,605 in attorneys' fees and $4,100 in expert witness fees.

¶6 After additional discussions, in a letter to Dawn dated May 15, 2020, YSMC outlined various points explaining why it believed the claims against it were brought without substantial justification and without any independent investigation. According to YSMC, Dawn refused to consider a proposed stipulation that YSMC did not design, install, or maintain the landscaping. YSMC advised it would now pursue court intervention and relief "with the necessary motions." On May 28, Dawn noted her "longstanding offer" to pay taxable costs and dismiss the claims against YSMC with prejudice. She indicated she would be filing a motion to dismiss within the next seven days, and the superior court could decide whether Dawn or her counsel were "guilty of some inappropriate and/or unprofessional conduct." On June 7, YSMC moved for summary judgment and requested an award of all of its costs, expenses, and attorneys' fees, plus damages, under "various sources of legal authority," including A.R.S. § 12-341, common law bad faith, and A.R.S. § 12-349.

¶7 The next day Dawn filed her motion to dismiss YSMC. Before the superior court ruled on the two pending motions, and three months after filing of the motion for summary judgment, YSMC filed a motion for sanctions against Dawn and her counsel under Rule 11, seeking $23,220 in attorneys' fees and $10,114.54 in other expenses and costs. YSMC argued that Dawn failed to conduct an independent investigation into whether YSMC was responsible for the landscaping and failed to dismiss YSMC for many months despite evidence that YSMC was not responsible.

**¶8**        In its ruling, the superior court noted that Mathis informally disclosed that her accident reconstruction expert believed the vegetation was a cause of the automobile accident and that YSMC may have been responsible, which she followed by filing a notice of non-party at fault naming YSMC as a defendant a short time later. The court further noted that Dawn offered to dismiss YSMC in October 2019, if YSMC would provide "an affidavit as to non involvement," but YSMC declined to do so. The court concluded that Dawn did not violate Rule 11, finding that she and her counsel acted reasonably in suing YSMC and not moving to dismiss until June 2020. YSMC's motion for summary judgment was denied as moot.

**¶9**        The court later awarded YSMC costs in the amount of $1,656.73, but declined to award costs for deposition transcripts in the amount of $1,464.50 that were incurred after Dawn filed her motion to dismiss YSMC. After all other parties were dismissed from the case, the court entered final judgment and YSMC timely appealed. We have jurisdiction under A.R.S. §§ 12–120.21(A)(1) and 12–2101(A)(1).

## DISCUSSION

### A.    Rule 11 Sanctions

**¶10**        YSMC argues the superior court abused its discretion in denying the motion for Rule 11 sanctions against Dawn and her counsel. We review the court's denial of Rule 11 sanctions for an abuse of discretion. *In re $15,379 in U.S. Currency*, 241 Ariz. 462, 469, ¶ 15 (App. 2016).

**¶11**        All pleadings, written motions, and other documents filed with a court must be signed by an attorney of record or the party. Rule 11(a)(1). As relevant here, Rule 11(b)(3) states as follows:

> By signing a pleading, motion, or other document, the attorney or party certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry[,] . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**¶12**        An attorney is not required to prepare a prima facie case for trial before filing a complaint. *Boone v. Superior Ct.*, 145 Ariz. 235, 241 (1985). Instead, the attorney must make reasonable efforts to determine that the

4

claim is not insubstantial or frivolous. *Id*. Reasonable efforts are determined by the circumstances that exist at the time of the filing, including the facts known to the plaintiff and the amount of time available for investigation. *Id*. We evaluate the attorney's conduct under an objective standard of reasonableness. *James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Prot.*, 177 Ariz. 316, 319 (App. 1993).

**¶13** YSMC argues that Dawn's counsel failed to conduct an independent investigation into whether YSMC was the entity responsible for the landscaping at issue, basing the decision to file the second amended complaint on information provided by the original defendant's counsel through an email. The superior court, however, found that it was reasonable for Dawn to sue YSMC. Given the preliminary opinion that the landscaping may have contributed to obstructing the original defendant's line of sight and that the statute of limitations was set to expire in two days, the court did not abuse its discretion in concluding that Dawn's claim was based on a good faith belief and a reasonable inquiry.

**¶14** YSMC further contends that Dawn's decision to maintain the action against it for eight months after she became aware that it was not responsible for the landscaping violated Rule 11. Dawn, however, voluntarily dismissed one defendant six months after filing its second amended complaint when the defendant provided a relatively simple affidavit of non-involvement with the landscaping at issue. Dawn also offered to dismiss YSMC if it provided a similar affidavit, which YSMC refused to provide. Approximately two months later, Dawn stipulated to a second defendant's dismissal after it provided an affidavit of non-involvement.

**¶15** In November 2019, Dawn offered to dismiss YSMC without prejudice if each party agreed to pay its own attorneys' fees and taxable costs. YSMC refused this offer. The following month, Dawn tried to reach an agreement by offering to dismiss YSMC with prejudice and pay its taxable costs. But YSMC refused the offer again and insisted that (1) Dawn pay its costs, expenses, and attorneys' fees of more than $12,000, and (2) dismiss the case with prejudice to restore YSMC to its status before Dawn wrongfully filed the suit. YSMC also noted that it would have to ask its expert to continue his work due to an upcoming disclosure deadline, and that other defense costs "will continue to accrue."

**¶16** In its Rule 11 motion, YSMC argues that "the only way out" offered by Dawn and its counsel required it to stipulate to bear its own attorneys' fees and all other non-taxable costs. But YSMC could have

signed an affidavit confirming its lack of involvement with the landscaping, and Dawn eventually offered to pay YSMC's taxable costs. In any event, YSMC offers no explanation why it failed to ask for attorneys' fees as a sanction in its answer, failed to seek dismissal of the complaint much earlier in the litigation, or continued to actively litigate the case for such an extended period if it knew it had no involvement with the landscaping at issue. YSMC waited a significant amount of time before it began to provide specific information why its client could not be found negligent. And the first formal request for sanctions was summarily mentioned at the end of the summary judgment motion, filed a little over 14 months after the second amended complaint was filed. Then three months later YSMC filed its request for Rule 11 sanctions. Given all the circumstances involved in this litigation, we cannot say the court abused its discretion when it denied YSMC's request for Rule 11 sanctions.

### B.     Sanctions Under A.R.S. § 12-349

**¶17**          YSMC argues the superior court was required to impose sanctions against Dawn under A.R.S. § 12-349 as condition of obtaining a dismissal of her complaint because it took Dawn an unreasonable length of time to file the motion. We review a court's application of § 12-349 de novo, but we view the evidence in a manner most favorable to sustaining the decision and we will affirm unless the court's finding is clearly erroneous. *Phoenix Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243–44 (App. 1997).

**¶18**          Under A.R.S. § 12-349(A), a court "shall" assess reasonable attorneys' fees against an attorney or party who, among other things, brings a claim without substantial justification. As defined within the statute, a claim lacks substantial justification when it is both "groundless" and "not made in good faith." A.R.S. § 12-349(F). While groundlessness is determined objectively, bad faith is a subjective determination. *Rogone v. Correia*, 236 Ariz. 43, 50, ¶ 22 (App. 2014). A claim is groundless if the proponent is unable to present any rational argument, based on the law or the evidence , supporting the claim. *Id*.

**¶19**          YSMC argues that Dawn filed the action against it without substantial justification and that Dawn unreasonably delayed the proceedings. But as discussed above, the court did not abuse its discretion when it concluded Dawn acted in good faith in filing the complaint. Accordingly, the court did not err by denying sanctions under A.R.S. § 12-349.

### C.    Taxable Costs

**¶20**    YSMC contends the superior court erred in denying the cost of deposition transcripts as taxable costs under A.R.S. § 12-332.  Costs for preparing transcripts are incidental to taking a deposition and therefore recoverable as costs.  *Visco v. Nat'l Bank of Ariz.,* 3 Ariz. App. 504, 508 (1966). Trial courts, however, "must determine whether challenged expenditures, notwithstanding their status as taxable costs, were necessarily incurred and whether they are reasonable in amount."  *Reyes v. Frank's Serv. & Trucking, LLC,* 235 Ariz. 605, 611, ¶ 20 (App. 2014).  We will affirm the court's cost award if there is any reasonable basis to support it.  *Owner-Operator Indep. Drivers Ass'n v. Pac. Fin. Ass'n, Inc.*, 241 Ariz. 406, 416, ¶ 38 (App. 2017).

**¶21**    YSMC argues the court applied an incorrect standard to determine taxable costs.  After the court granted Dawn's motion to dismiss and awarded YSMC its costs, YSMC filed a statement of taxable costs. Dawn objected to the transcript costs for depositions taken after she filed her motion to dismiss and YSMC sought summary judgment because those costs were unnecessarily incurred.  The court declined to award the deposition costs, reasoning that they were incurred in relation to the issue of sanctions and not to secure a dismissal.  On this record, YSMC has failed to establish that the court lacked any reasonable basis for denying the requested deposition costs.

### CONCLUSION

**¶22**    We affirm the superior court's judgment.  As the successful party on appeal, Dawn is entitled to an award of taxable costs upon compliance with ARCAP 21.

